535 So.2d 642 (1988)
Stephen Daniel GUST, Appellant,
v.
STATE of Florida, Appellee.
No. 88-344.
District Court of Appeal of Florida, First District.
December 15, 1988.
Rehearing Denied January 25, 1989.
Stephen Daniel Gust, pro se.
Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
*643 MILLS, Judge.
Gust appeals from the summary denial of his motion pursuant to Rule 3.850, Fla. R.Crim.P. We reverse.
Gust was convicted of robbery with a deadly weapon and battery after pleading nolo contendere. No appeal was taken. He later filed a motion pursuant to Rule 3.850 alleging ineffective assistance of counsel and that his plea was coerced. The trial court summarily denied the motion and this court reversed and remanded for attachment of those portions of the record conclusively showing Gust was entitled to no relief. See Gust v. State, 504 So.2d 61 (Fla. 1st DCA 1987). According to appellee State, the trial court on remand again denied the motion, with supporting attachments; Gust did not appeal.
The instant 3.850 motion was then filed, reiterating the two grounds alleged in the first motion and adding a third, that the trial judge sentenced Gust without a scoresheet. The trial court denied the motion without a hearing on 22 January 1988, on the basis that it alleged the same grounds as the previous motion. With regard to the allegation that no scoresheet was used, the court found that the issue could or should have been raised on direct appeal and was not the proper subject of a 3.850 motion.
The state argues first that the instant motion is untimely filed. Rule 3.850 provides that "[n]o ... motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final," with certain exceptions which are not applicable here. The state contends that, because Gust entered his plea and was sentenced on 11 July 1985 and did not appeal, his judgment and sentence became final on that date. Therefore, the motion herein, filed 5 August 1987, was outside the two year limitation provided by the rule. We disagree. Although Gust pled and was sentenced on 11 July 1985, he had thirty days thereafter in which to file an appeal. Rule 9.140(b)(2), Fla.R.App.P. The judgment and sentence would therefore not become final until that period expired without the filing of an appeal, or until 10 August 1985. Therefore, the motion, filed on 5 August 1987, was timely as within the two year period prescribed by rule.
Restriction against successive motions for post-conviction relief on the same grounds applies only when the grounds raised were previously adjudicated on their merits, not when the previous motion was summarily denied or dismissed as facially insufficient. McCrae v. State, 437 So.2d 1388 (Fla. 1983); Tanner v. State, 502 So.2d 1008 (Fla. 2d DCA 1987). Here, the state contends that Gust's previous motion, which alleged two substantially identical grounds as the one herein, was ruled on its merits after remand by this court in Gust v. State, supra. However, the trial court failed to attach that order, with its attachments, to the instant order and it does not appear elsewhere in our record. Therefore, we reverse and remand for attachment of that portion of the record which shows that these issues have been disposed of on their merits.
With regard to the alleged absence of a scoresheet, while the trial court was incorrect that this issue could not be raised in a 3.850 motion, Schneider v. State, 512 So.2d 308 (Fla. 2d DCA 1987), the state contends that Gust's allegation is nevertheless refuted by the presence of a scoresheet in the record. However, no copy of the scoresheet is attached to the order nor does it appear elsewhere in the record. Therefore, reversal is required on this issue as well, with remand for either attachment of the scoresheet or further proceedings pursuant to Rule 3.850.
SHIVERS, J., concurs.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I would affirm the denial of appellant's motion for post-conviction relief, finding that it was not filed within two years after the challenged judgments and sentences became final as required by Fla.R.Crim.P. 3.850. Although a judgment and sentence do not become final under Rule 3.850 until *644 the conclusion of appellate proceedings when such review is properly commenced, see Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987), in the present case appellant did not pursue appellate review of the judgments and sentences which are now challenged. In these circumstances the judgments and sentences should be deemed final under Rule 3.850 when they are rendered. In my opinion finality under Rule 3.850 should not be extended to include the time for filing a notice of appeal when appellate review is not sought.