571 So.2d 449 (1990)
Barry HOFFMAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73757, 74790.
Supreme Court of Florida.
December 13, 1990.
*450 Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. CCR, and Julie D. Naylor, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
KOGAN, Justice.
Barry Hoffman, a prisoner under sentence of death, appeals from a summary denial of relief in the circuit court requested under Florida Rule of Criminal Procedure 3.850, and a denial of access to records held by the state attorney. The facts of the crime are stated in Hoffman's prior direct appeal to this Court. Hoffman v. State, 474 So.2d 1178 (Fla. 1985). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In the case below, Hoffman came forward with allegations based on affidavits and other information clearly establishing colorable claims under rule 3.850. For example, he has alleged that the state withheld the names of other persons who purportedly confessed to the murders of which Hoffman was convicted. At argument, the state conceded that such a claim, if valid, would require relief under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Hoffman also has alleged claims of ineffective assistance of counsel and the failure of counsel to be present when Hoffman testified in the separate trial of his co-conspirator.
Without reaching the merits of any of these claims, we nevertheless believe that a hearing is required under rule 3.850. In its summary order, the trial court stated no rationale for its rejection of the present motion. It failed to attach to its order the portion or portions of the record conclusively showing that relief is not required and failed to find that the allegations were inadequate or procedurally barred.
The state argued that the entire record is attached to the order in the Court file before us, thus fulfilling this requirement. However, such a construction of the rule would render its language meaningless. The record is attached to every case before this Court. Some greater degree of specificity is required. Specifically, unless the trial court's order states a rationale based on the record, the court is required to attach those specific parts of the record that directly refute each claim raised.
We thus have no choice but to reverse the order under review and remand for a full hearing conforming to rule 3.850.
Finally, Hoffman also petitions us to reverse a denial of access to state attorney records he requested under chapter 119, Florida Statutes (1987). At argument the state conceded that this issue was resolved in favor of Hoffman by our recent opinions in State v. Kokal, 562 So.2d 324 (Fla. 1990), and Provenzano v. Dugger, 561 So.2d 541 (Fla. 1990). Under these opinions, Hoffman clearly is entitled to access these records.
We reverse the court below and remand for further proceedings in conformity with this opinion and with Kokal and Provenzano. On remand, the trial court shall allow Hoffman thirty days to amend his petition, computed from the date the state delivers to Hoffman the records to which he is entitled under chapter 119.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and GRIMES, JJ., concur.