PER CURIAM.
John Dixon appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Dixon is serving a life sentence for sexual battery, following his plea of no contest. The motion contains numerous arguments for relief. We have examined these in their entirety, and find only one colorable claim. Dixon alleges that his trial attorney promised he would serve no more than three years in a “treatment center,” followed by probation, if he agreed to plead rather than contest the charges. If true, this would entitle Dixon to withdraw the plea. See, e.g., Bullard v. State, 477 So.2d 655 (Fla. 2d DCA 1985).
The record before us contains nothing which would refute Dixon’s claim. Instead, the trial court denied the motion as untimely filed. This is incorrect. See Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990); Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). Accordingly, we remand this case for consideration of this one issue on its merits. As previously stated, the remainder of Dixon’s motion is without merit and relief was properly denied as to all claims except the voluntariness of the plea.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.