PER CURIAM.
Roger David Jenkins appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse only as to one of the four grounds raised.
A jury convicted appellant and his code-fendant, Mr. Stevens, of both attempt and conspiracy to traffic in cocaine. After the per curiam affirmance of his direct appeal by this court, 589 So.2d 1042, appellant filed a motion for postconviction relief. He alleged ineffective assistance of counsel based on four grounds: failure to timely move for a severance, failure to adequately prepare for trial, failure to object to improper prosecutorial comments made in closing argument, and conceding appellant’s guilt in closing argument. In its order of denial, the trial court made a blanket finding that the record and files conclusively refuted appellant’s allegations. The trial court, nevertheless, declined either to refer to or to attach any portions of the record or files to its order. The trial court further found that relitigation of these issues was precluded by the affirmance of the direct appeal.
We affirm as to the first three grounds because they are either facially insufficient or have no merit based on a reading of the briefs in the direct appeal. With respect to the fourth ground, however, we must reverse. The trial court neither provided a reason or strategy for defense counsel’s actions nor attached any portion of the record or files to refute the allegation that his counsel was ineffective for arguing his guilt to the jury. We therefore reverse and remand as to ground four.
On remand, the trial court should make a determination regarding whether counsel’s performance was competent in arguing appellant’s guilt to the jury. In so doing, the trial court should support its findings with specific attachments from the record or files conclusively refuting the claim. Cf. Hoffman v. State, 571 So.2d 449 (Fla.1990) (trial court erred in not providing its rationale for denial of motion for post-conviction relief where entire record was
*1061 before court or, alternatively, in failing to attach only specific portions of record to order of denial). Attachments to the order are crucial because this court, unlike the supreme court, does not receive the record of the trial in an appeal from the summary denial of a motion filed pursuant to rule 3.850, unless the trial court attaches portions to its order.
Accordingly, the order denying appellant’s motion for postconviction relief is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days.
HALL, A.C.J., and THREADGILL and PARKER, JJ., concur.