624 So.2d 864 (1993)
Kenneth L. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02983.
District Court of Appeal of Florida, Second District.
October 8, 1993.
PER CURIAM.
Kenneth Morris appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
*865 Morris raises numerous issues, including seven separate examples of what he believes was ineffective assistance of counsel. With the two exceptions discussed herein, we believe the circuit court acted properly in denying the motion without an evidentiary hearing. We remand for further proceedings with regard to those two exceptions.
Morris was convicted of third degree murder, aggravated child abuse, and child abuse. At various times during the long history of this case  a case delayed in part by Morris's absenting himself from Florida  Morris was represented by three different attorneys. One of them, Roy Black of Miami, allegedly retained an expert witness who concluded Morris did not cause the victim's death. Black did not, however, represent Morris at trial. The attorney who did failed to call the expert.
It is possible such an omission could constitute ineffective assistance. Davis v. State, 608 So.2d 540 (Fla. 2d DCA 1992). In the present case we have some idea why the expert might not have been used. In an affidavit submitted to the circuit court, trial counsel stated that he consulted Black and that Black could no longer recall the expert's name or produce any written findings from the expert. However, affidavits generally cannot substitute for live testimony, subject to cross-examination, in proceedings under Florida Rule of Criminal Procedure 3.850. Cintron v. State, 508 So.2d 1315 (Fla. 2d DCA 1987).
A similar claim alleges that counsel had available, but failed to use, an autopsy report which would have shown the child's death was due to negligent medical treatment. The exhibits attached to the circuit court's order, although they suggest counsel did attempt to exploit confusion about the cause of death, do not conclusively refute this claim. Although we believe further proceedings are necessary as to this allegation, we caution that Morris would not be entitled to relief if any possible medical malpractice was only an intervening or aggravating factor in the child's death. See Barnes v. State, 528 So.2d 69 (Fla. 4th DCA 1988).
After remand the circuit court should reexamine the files and records in this case and determine whether anything therein refutes the two claims we have discussed in detail. If so, the court may again deny the motion, attaching to its order whatever exhibits it has relied upon. Otherwise, an evidentiary hearing may be necessary. The circuit court's order is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and DANAHY and PATTERSON, JJ., concur.