PER CURIAM.
Appellant Jeremiah Tillery challenges the summary denial of his motion for post-conviction relief. The state has properly observed that under Hoffman v. State, 571 So.2d 449 (Fla.1990), the trial court’s failure to attach and/or cite specific parts of the record that directly refute each claim raised below requires this court to reverse the order under review and remand for a full hearing conforming to Florida Rule of Criminal Procedure 3.850. Accordingly, we reverse and remand for a full hearing conforming to rule 3.850.
JOANOS and KAHN, JJ., concur.
ERVIN, J., concurs in result only.

ON MOTION FOR CLARIFICATION

PER CURIAM.
The state moves for clarification of our May 25, 1994 opinion, suggesting that on remand the trial court should be allowed to attach “relevant portions of records showing no relief is appropriate” (emphasis in state’s motion). The state cites no legal authority in support of its motion. While we decline to grant .the relief requested by the state, we will elucidate the basis of our decision to remand for an evidentiary hearing conforming to Rule 3.850.
In his motion below, appellant raised the claim of ineffective assistance- of trial counsel, specifically noting counsel’s failure to timely move for judgment of acquittal, failure to conduct a sufficient factual investigation, and failure to call available witnesses who would have conclusively demonstrated his actual innocence. In the order denying the motion, the trial court found “that the actions complained of do not amount to ineffective assistance of counsel ... and the defendant’s burden of showing that the outcome of the trial would have been different but for counsel’s performance has not been met.” In support of this conclusion, the trial court attached to the order the entire trial record, consisting of '550 pages. We reversed and remanded for a hearing because the state conceded that the hearing was required under Hoffman v. State, 571 So.2d 449 (Fla.1990).
In Hoffman the supreme court held that a construction of Rule 3.850 which would allow attachment of the entire record would render the language of the rule meaningless. The court concluded it had “no choice but to reverse the order under review and remand for a full hearing conforming to Rule 3.850.” 571 So.2d at 450. Faced, as we are, with the trial court’s decision to attach the entire unedited trial transcript in response to appellant’s motion, we similarly have no alternative but to remand for a hearing.
Every appellate court in this state recognizes the burden placed upon circuit judges by Rule 3.850 and its strict requirements. It is certainly not our wish to increase that burden. The rule clearly states, however, that where a motion is not denied based upon legal insufficiency, a copy of “that portion of the files and record that conclusively shows that the prisoner is entitled to no relief shall be attached to the order.” Fla.R.Crim.P. 3.850(d). Were we to fashion' a doctrine that allowed this mandate to be satisfied by mere- *78 Iy attaching the entire trial record, it would frustrate the holding in Hoffman and would circumvent the intent of the rule itself.
As to the state’s request that we in effect allow the trial court another opportunity to attach specific portions of the record, we note that where a trial judge erroneously attaches no record portions, upon the mistaken belief that a motion is legally insufficient on its face, remand for attachment of record portions is appropriate. The rule makes no such provision for the situation here, however, where the trial court found the motion sufficient on its face, and merely attached inappropriate record support. Accordingly, the next step must be an evidentiary hearing. See, Fla.R.App.P. 9.140(g) (“unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evi-dentiary hearing”).
ERVIN, JOANOS and KAHN, JJ., concur.