PER CURIAM.
John Bryant appeals the denial after remand of his motion for posteonviction relief. Since the documentation attached to the trial court’s order does not conclusively refute the claim, we again remand for further proceedings on the issue of whether trial counsel coerced appellant. into testifying in circuit court case number 90-1387.
In our prior review of this case, we remanded because the trial court denied relief without attaching portions of the record refuting appellant’s claims. Bryant v. State, 641 So.2d 192 (Fla. 2d DCA 1994). Attached to the second order denying relief are portions of the trial transcript, discovery documents, certificates of service, and responses to the mandate filed by defense counsel and the state. These documents do not, however, refute appellant’s allegation that he was coerced into testifying.
The documentation attached to the order that purports to refute this claim is a written response from the defense counsel denying the allegation. As we said in Morris v. State, 624 So.2d 864 (Fla. 2d DCA 1993) and Cintron v. State, 508 So.2d 1315 (Fla. 2d DCA 1987), affidavits generally cannot sub *74 stitute for live testimony that is subject to cross-examination. Similarly, the response filed by defense counsel in this case -will not suffice to refute appellant’s claim.
We remand this case to the trial court with directions to grant Bryant an evidentiary hearing on his claim that he was coerced into testifying by his trial attorney in circuit court case number 90-1387 only. We affirm the denial of relief on the other claims raised by appellant. Any party aggrieved by the subsequent action of the trial court may file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded for further proceedings.
CAMPBELL, A.C.J., and QUINCE and WHATLEY, JJ., concur.