658 So.2d 169 (1995)
Alejandro RAMOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2063.
District Court of Appeal of Florida, Third District.
July 19, 1995.
*170 Kaeiser and Potolsky and Clayton R. Kaeiser, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Fleur J. Lobree, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
PER CURIAM.
Alejandro Ramos appeals a denial of his motion for post-conviction relief for being untimely filed. We reverse.
Ramos entered a no contest plea to several felony offenses on May 18, 1992, for which he was adjudged guilty and given a suspended sentence. Ramos submitted a signed and notarized motion for post-conviction relief on May 18, 1994, and this motion was filed with the circuit court on May 24, 1994. The lower court denied Ramos's motion for post-conviction relief on the grounds that it was untimely filed more than two years after the defendant entered his plea.
Florida Rule of Criminal Procedure 3.850(b) provides, in part, that "[n]o motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a non-capital case... ." However, where the motion for post-conviction relief is essentially a motion to set aside the plea, and no previous appeal has been taken, the judgment and sentence do not become "final" for purposes of the rule until the thirty-day period for filing an appeal expires. Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990); Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). In this case, Ramos's May 18, 1992, judgment and sentence did not become final until June 17, 1992, thirty days later. Ramos' May 24th, 1994, motion was therefore timely filed within two years and thirty days of the entry of his plea, judgment and sentence.
Accordingly, we reverse the trial court's summary finding of untimeliness and remand for consideration of the merits of the defendant's motion for post-conviction relief.