662 So.2d 1350 (1995)
Julian J. Flores, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02501.
District Court of Appeal of Florida, Second District.
November 17, 1995.
*1351 PER CURIAM.
Julian Flores appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Because appellant's allegations are not refuted by the record before us, we reverse.
Appellant raises two claims which are facially sufficient, both associated with his allegation that trial counsel was ineffective.
The first involves counsel's alleged failure to discuss with appellant, and at least explore utilizing, two defenses. Portions of the record appended to the motion indicate that Flores and another individual smoked approximately $200 worth of crack cocaine just preceding the homicide for which he stands convicted. Flores complains that the defense of voluntary intoxication was never discussed with him despite the fact that he had been indicted for premeditated first degree murder, a specific intent crime for which the defense is available.
Where there is evidence of intoxication, and the defense faces a charge involving a specific intent crime, it is difficult, without benefit of an evidentiary hearing, to attribute the failure to explore this defense to trial strategy, as did the court below. The state, in response, cites a case which finds counsel's decision not to pursue such a defense reasonable in light of the impact it might have had on a better, more acceptable defense. See Remeta v. Dugger, 622 So.2d 452 (Fla. 1993). That case was a decision, however, following an evidentiary hearing. There are no indications from the bare record before us what defense, if any, counsel in fact pursued.
The same can be said of appellant's claim that trial counsel should have considered an insanity defense. In a similar case relied upon by the state below, trial counsel was found not to be ineffective, with counsel's decision regarded as a strategic one. Johnston v. Dugger, 583 So.2d 657 (Fla. 1991). But again, that opinion followed an evidentiary hearing where the trial court was able to hear the rationale behind the decision from the attorney whose work was questioned, and a record was established as to the defense selected.
A trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. Guisasola v. State, 20 Fla. L. Weekly D1927, ___ So.2d ___ (Fla. 1st DCA August 23, 1995). The state attempts to distinguish Guisasola, indicating that the appointment of a psychiatrist for Flores prior to trial, and the decision not to pursue an insanity defense, establishes the attorney's judgment that the defense showed no promise. The state's response, which the court incorporated into its order, is not supported by record attachments. Without some record before this court identifying the defense actually employed, the appellant's allegation is not conclusively refuted.
Appellant's second contention focuses again on trial counsel. He claims that counsel failed to object when no jury instruction was given on premeditation. The court order, incorporating the state's response, identifies the page from the transcript in which the instruction was given, and recites it verbatim. But the state's response is not a record attachment contemplated by Florida Rule of Appellate Procedure 9.140(g); a copy of the page of the transcript attached to the order would have obviated the need to review this issue.
Documents prepared to refute claims in a postconviction motion are not substitutes *1352 for an evidentiary hearing, whether they be affidavits, Morris v. State, 624 So.2d 864 (Fla. 2d DCA 1993), a written statement by a defense attorney responding to accusations of ineffectiveness, Bryant v. State, 661 So.2d 73 (Fla. 2d DCA 1995), or, as here, a court ordered response.
The growing practice of incorporating state responses into orders denying postconviction motions is not substitute for the record attachments necessary in many cases for the trial courts to be affirmed. If trial judges want prosecutors to play a meaningful role in the summary denial of postconviction motions, they should direct the state to assemble the record which refutes a claim, and attach these documents to its responses.
The balance of Flores' claims have no merit.
We reverse for an evidentiary hearing on appellant's claims that counsel was ineffective for failing to discuss with him, and consider raising, the defenses of voluntary intoxication and insanity. We also reverse the court's determination that counsel was not ineffective for failing to object to the absence of a jury instruction on premeditation, which may be cured by record attachments if available, and, if not, for consideration at the evidentiary hearing.
Appellant must seek review of any subsequent orders of the trial court within thirty days.
Reversed in part, affirmed in part, and remanded.
CAMPBELL, A.C.J., and FULMER and QUINCE, JJ., concur.