684 So.2d 241 (1996)
Lawrence McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04445.
District Court of Appeal of Florida, Second District.
December 4, 1996.
LAZZARA, Judge.
The appellant, William McGee, seeks review of the trial court's summary denial without attachments of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we conclude that the trial court erroneously denied the motion on the sole basis that it was untimely filed, we reverse and remand for further proceedings.
On September 13, 1994, the appellant pleaded no contest to the offense of trafficking in cocaine and was sentenced to a term of ten years imprisonment. He did not file a direct appeal. On September 23, 1996, the appellant filed a properly sworn motion asserting in multiple claims that because of the ineffectiveness of trial counsel he was entitled to have his plea and conviction set aside and to proceed to a trial on the merits. The trial court did not consider the merits of the motion but instead summarily denied it without attachments because it concluded that the motion was untimely filed.
The trial court's reasoning, as reflected in its order, was as follows:
Rule 3.850 requires that a motion for postconviction relief be filed with the court *242 no later than two years from the date that the judgment and sentence in question become final. As the defendant did not appeal his conviction and sentence, they became final on September 13, 1994. The defendant's postconviction motion therefore had to have been filed no later than September 13, 1996.
We conclude, in accord with the well-established law of Florida, that the trial court erred in its analysis of the timeliness of appellant's motion.
In Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988), the court rejected the state's argument that because Gust did not appeal a sentence imposed after a plea, his judgment and sentence became final on the date of sentencing for purposes of calculating the two-year time limitation of rule 3.850. It concluded, instead, that because Florida Rule of Appellate Procedure 9.140(b)(2) afforded Gust thirty days from the date of sentencing in which to appeal, his "judgment and sentence would therefore not become final until that period expired without the filing of an appeal." Id. at 643. Other district courts of appeal, including our own, have relied on the reasoning of Gust in concluding that a motion for postconviction relief challenging the validity of a judgment and sentence imposed pursuant to a plea from which no appeal has been taken does not become final under rule 3.850 until the thirty-day period for taking an appeal has expired. Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995); Dixon v. State, 593 So.2d 1186 (Fla. 2d DCA 1992); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990).
Accordingly, we reverse the trial court's summary finding of untimeliness and remand with directions that it consider the merits of appellant's motion. In the event that the trial court again denies relief on a summary basis, it must attach to its order those portions of the record which conclusively establish that the appellant is entitled to no relief as to the claims advanced or it must explain why those claims cannot appropriately be considered under rule 3.850. If, however, the trial court determines that the record does not conclusively refute one or more of the appellant's claims which are properly encompassed within the rule, it must conduct an evidentiary hearing as to the unrefuted claim or claims. We remind the appellant that in the event he is aggrieved by the trial court's subsequent order, he must appeal within thirty days of the order's rendition.
Reversed and remanded with directions.
DANAHY, A.C.J., and PATTERSON, J., concur.