691 So.2d 34 (1997)
Edward Otis LOOMIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00326.
District Court of Appeal of Florida, Second District.
April 4, 1997.
*35 LAZZARA, Judge.
The appellant, Edward Loomis, seeks our review of the trial court's order summarily denying with attachments a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we conclude that the order under review is procedurally deficient, we reverse and remand.
The appellant timely filed a rule 3.850 motion alleging multiple claims of ineffective assistance of trial counsel. The trial court ordered a response from the state which was to include supporting documentation. The state eventually filed an amended response. In its amended response, however, the state did not provide any record attachments substantiating its argument that the appellant's motion should be denied without a hearing. The trial court later rendered a perfunctory order summarily denying the motion without explanation based solely on its review of the motion and the state's amended response. In doing so, it attached a copy of the amended response as well as a copy of the trial transcript.
We conclude that the trial court's order does not comply with the procedural requirements of rule 3.850(d). As interpreted, in order to support a summary denial without a hearing, this provision of the rule requires that "a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion." Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) (emphasis added). We emphasize that these requirements are not fulfilled by simply attaching to the order a copy of the trial transcript unaccompanied by any reasons for denial based on the attached record. See Hoffman v. State, 571 So.2d 449, 450 (Fla.1990); accord Jenkins v. State, 595 So.2d 1060 (Fla. 2d DCA 1992). We also reiterate that the rule contemplates more than attaching a copy of the state's response which has no supporting record attachments. See Flores v. State, 662 So.2d 1350, 1352 (Fla. 2d DCA 1995) (disapproving of growing practice of incorporating state responses into orders denying postconviction motions as substitute for record attachments).
Accordingly, we reverse and remand with directions that the trial court reconsider the merits of the appellant's motion. In so doing, we further direct the trial court that should it again deny relief on a summary basis, it must attach to its order those portions of the record which conclusively establish that the appellant is entitled to no relief as to the claims advanced along with its reasons for so concluding. Alternatively, it must explain why those claims are facially insufficient or cannot be appropriately considered under rule 3.850. See McGee v. State, 684 So.2d 241, 242 (Fla. 2d DCA 1996). If, however, the trial court determines that the record does not conclusively refute one or more of the appellant's claims which are properly brought under the rule, then it must conduct an evidentiary hearing as to the unrefuted claim or claims. Id. Finally, we remind the appellant that he has thirty days from rendition of any subsequent order denying relief within which to appeal that order.
In closing, we observe that it is not our intention to increase the burden placed on trial courts by rule 3.850 and its strict requirements. Nevertheless, the rule's procedural mandates, as interpreted by our supreme court in Anderson and Hoffman, and as interpreted by us in Flores, cannot be circumvented in the way that the trial court attempted to do so in this case. Accordingly, we have no alternative but to reverse and remand for the entry of a procedurally proper *36 order which strictly complies with the requirements of the rule.
Reversed and remanded with directions.
PATTERSON, A.C.J., and ALTENBERND, J., concur.