PER CURIAM.
Peter Anthony Borghese (Borghese) appeals the denial of his first motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as untimely. We reverse.
Borghese pleaded guilty to burglary of a structure and burglary of a dwelling. On October 13,1993, Borghese was sentenced as an habitual felony offender to ten years in prison. He took no appeal; his conviction thus became final on November 12, 1993. Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that the two-year rule 3.850 filing window runs from the expiration of defendant’s thirty-day appeal period, despite that defendant did not appeal). Borghese had two years, that is, until November 12, 1995, to file a motion pursuant to Florida Rule of Criminal Procedure 3.850. Borghese moreover, because November 12, 1995 was a Sunday, had until Monday, November 13, 1995 to file his motion. Fla. R.Crim. P. 3.040.
The record shows that Borghese’s motion was notarized by a prison official on November 13, 1995, and received by the circuit court on November 15, 1995. The record thus supports Borghese’s allegation that he lost control of his motion on November 13, 1995. See Haag v. State, 591 So.2d 614 (Fla.1992) (holding a rule 3.850 motion timely filed where the defendant lost control of the motion to prison officials within the two-year filing window). Borghese’s motion thus is timely.
We accordingly reverse and remand for consistent proceedings.
MINER, ALLEN and LAWRENCE, JJ., concur.