PADOVANO, Judge.
The defendant, Tony Daniels, was tried by jury and convicted of battery on a law enforcement officer, possession of a controlled substance, and resisting arrest with violence. Following an unsuccessful direct appeal, the defendant filed a timely posteonviction motion under Rule 3.850 of the Florida Rules of Criminal Procedure, asserting ten grounds *1223 for relief. The trial court denied the motion summarily, attaching to its order a copy of the entire trial transcript. We must reverse and remand the order as to nine of the ten claims raised, because the trial court failed to refer specifically to the portions of the record that conclusively refute the defendant’s claims.
Rule 3.850(d) provides that if the trial court summarily denies a postconviction motion on any ground other than facial insufficiency, the court must attach to the order “that portion of the files and records that conclusively shows that the prisoner is entitled to no relief.” . (Emphasis added.) An appeal from such an order is then subject to a special procedure in which the briefing, if any, is accelerated, and record is abbreviated. Rule 9.140(i) of the Florida Rules of Appellate Procedure states that the record in an appeal from the summary denial of a postconviction motion shall consist of “conformed copies of the motion, order, motion for rehearing, and order thereon, and attachment to any of the foregoing,” and that “any appellant’s brief shall be filed within 15 days of the filing of the notice of appeal.” The purpose of each of these rules would be defeated if the trial and appellate courts simply reconsidered the entire record of the trial proceedings.
As the court explained in Loomis v. State, 691 So.2d 34 (Fla. 2d DCA 1997), the attachment requirement in rule 3.850 is “not fulfilled by simply attaching to the order a copy of the trial transcript unaccompanied by any reasons for denial based on the attached record.” This conclusion was supported in part by the decision in Hoffman v. State, 571 So.2d 449 (Fla. 1990), in which the supreme court held that rule 3.850(d) is not satisfied by the attachment of the entire record. The supreme court said in Hoffman that “[s]ome greater degree of specificity is required. Specifically, unless the trial court’s order states a rationale based on the record, the court is required to attach those specific parts of the record that directly refute each claim raised.” The court added in Loomis,
[I]t is not our intention to increase the burden placed on trial courts by rule 3.850 and its strict requirements. Nevertheless, the rule’s procedural mandates ... cannot be circumvented in the way that the trial court attempted to do so in this case. Accordingly, we have no alternative but to reverse and remand for the entry of a procedurally proper order which strictly complies with the requirements of the rule.
This court expressed the same precept in Davis v. State, 627 So.2d 112 (Fla. 1st DCA 1993), albeit in dicta. In that case, the trial court had denied the defendant’s motion for posteonviction relief, finding that the “attachments indicate that the defendant is entitled to no relief’, but the court merely attached the entire trial transcript to its order. Although we addressed the claim, we noted that “Florida Rule of Criminal Procedure 3.850 requires the trial judge to do more, i.e., attach the specific portion of the record which conclusively demonstrates that appellant is entitled to no relief, [citing Hoffman ]” Davis at 113 n. 2.
We note that the trial court did not address each of the ten claims separately, nor did the court identify which claims were facially sufficient and which, if any, were not. An examination of the motion reveals that all of the claims raised are facially sufficient except for Ground 2, in which the defendant claims ineffective assistance of counsel. In this ground, he does not make a sufficient showing of prejudice under the test for such claims as announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We affirm the trial court’s order as to Ground 2 of the motion. As to Grounds 1 and 3 through 10, we reverse and remand, with directions that the trial court either hold an evidentiary hearing or attach to the order those specific portions of the record which conclusively establish, as to each claim, that the defendant is not entitled to relief. If the trial court finds any of the grounds asserted to be facially insufficient, the court must identify those claims in the order.
Affirmed in part and reversed in part.
MINER and ALLEN, JJ., concur.