CONFESSION OF ERROR

PER CURIAM.
The appellant, Milton Montaque Black, appeals the denial of his first motion for post-conviction relief, made pursuant to rule 3.850, Florida Rules of Criminal Procedure, as untimely. Upon the state’s appropriate and commendable confession of error, we reverse and remand for further proceedings.
On June 24, 1997, the appellant pled nolo contendere to three third degree felonies and was sentenced to five years as an habitual violent offender on each count, to run concurrently. The appellant took no direct appeal of the judgment or sentence. Rather, on June 29, 1999, appellant filed a pro se motion for relief pursuant to rule 3.850 for his counsel’s alleged ineffectiveness in failing to object to the lack of predicate convictions for the habitual offender sentence. On July 1, 1999, this motion was denied by the trial court as untimely and this appeal followed.
Florida Rules of Criminal Procedure, rule 3.850(b) states, in part, that “[n]o other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence became final in a noncapital case[.]” Where, as here, however, the motion for post-conviction relief is essentially a motion to set aside the plea, and no previous appeal has been taken, the judgment and sen *163 tence do not become “final” for purposes of the rule until the expiration of the thirty day period for the filing of an appeal. See Ramos v. State, 658 So.2d 169, 170 (Fla. 3d DCA 1995); Caracciolo v. State, 564 So.2d 1168, 1164 (Fla. 4th DCA 1990); Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). In this case, Black’s June 24, 1997 judgment and sentence did not become final for purposes of the rule until July 24, 1997, or thirty days later. Thus, as the state correctly concedes, his subject motion for post-conviction relief, which was filed on June 29,1999, was timely.
We therefore reverse the order under review and remand for consideration of the merits of the appellant’s motion for post-conviction relief.
Reversed.