PER CURIAM.
Appellant, Rickey D. Crone, appeals the circuit court’s denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The circuit court held an evidentiary hearing on two of Crone’s claims, but denied the remaining claims without explanation. The State acknowledges that partial reversal is required because the trial court neither stated its rationale nor attached specific parts of the record to support summary denial of the remaining claims, each alleging ineffective assistance of counsel. See Anderson v. State, 627 So.2d 1170 (Fla.1993). We have determined that only two of the summarily denied claims are facially sufficient. See Daniels v. State, 701 So.2d 1222, 1223 (Fla. 1st DCA 1997). The claims upon which further action is required are numbers (8) (failure to object to pictorial evidence) and (9) (failure to object to certain quotations from a dictionary). No error is shown as to those claims upon which the trial court conducted a hearing. Accordingly, we REVERSE and REMAND the denial of the claims we have identified, with directions that the court either hold an evidentiary hearing or attach to the order those specific portions of the record that conclusively establish Crone is not entitled to relief. See Daniels, 701 So.2d at 1223. We AFFIRM the remaining issues raised on appeal.
KAHN, BENTON, and LEWIS, JJ., concur.