893 So.2d 627 (2005)
Joseph D. PULLUM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2555.
District Court of Appeal of Florida, Second District.
February 9, 2005.
*628 WHATLEY, Judge.
Joseph Pullum appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850(a). We affirm in part and reverse in part.
Pullum's rule 3.850(a) motion alleges nine claims of ineffective assistance of counsel. Claims five(a) though eight of Pullum's motion are facially insufficient. We affirm the denial of these claims without comment.
Claims two through five of Pullum's motion are facially sufficient. Adopting the State's response to the trial court's show cause order, the trial court summarily dismissed these claims as being without merit in light of the overwhelming evidence presented by the State at trial. As to these claims, we reverse the trial court's order and remand for further proceedings.
A facially sufficient claim for postconviction relief requires the trial court to attach the specific portions of the trial record conclusively refuting the defendant's allegations. Fla. R.Crim. P. 3.850(a). Although the trial court's order lists some of the State's evidence allegedly presented at trial, the trial court does not cite to any specific portion. Rather than attaching those specific portions of the record refuting Pullum's claim, the trial court merely submitted all eight volumes of the trial transcript in connection with its order to refute Pullum's claims. Submitting the entire transcript with the order does not meet the requirements of Florida Rule of Criminal Procedure 3.850(d). According to Hoffman v. State, 571 So.2d 449, 450 (Fla.1990), rule 3.850(d) requires "[s]ome greater degree of specificity...." See also Loomis v. State, 691 So.2d 34 (Fla. 2d DCA 1997) (reversing an order that only incorporated State's rationale and attached the entire transcript to dismiss a rule 3.850 motion).
Accordingly, we reverse the trial court's order as to claims two through five of Pullum's motion. On remand, if the trial court again denies these claims, it must attach those specific portions of the record refuting the claims along with the trial court's supporting rationale. Loomis, 691 So.2d at 35. If, however, the trial court finds that the record does not conclusively *629 refute these claims, then it must conduct an evidentiary hearing as to the unrefuted claim or claims. Id.
Affirmed in part, reversed in part, and remanded with directions.
STRINGER and WALLACE, JJ., Concur.