WALLACE, Judge.
Gary Allen Roberts appeals the orders entered in two separate circuit court cases that summarily denied his two motions for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. We reverse both orders, and we remand for further proceedings.
On April 21, 2004, Mr. Roberts pleaded no contest to the charges filed in two separate circuit court cases, and the same attorney represented him in both eases. He subsequently filed a rule 3.850 motion in the first circuit court case, no. CF03-004148-XX, alleging that counsel provided ineffective assistance by failing to file a motion to suppress the illegal search *1255 of his residence. The postconviction court initially found this ineffective-assistance-of-counsel claim to be facially sufficient and ordered the State to respond. The State filed a fifteen-page response filled with references to the record. However, the State did not attach any portions of the record to support its arguments. In the order denying Mr. Roberts’ motion, the postconviction court merely adopted the State’s response and failed to make any findings. In addition, the postconviction court failed to attach to its order any portions of the record. Therefore, the postconviction court’s order in the first case does not support the summary denial of Mr. Roberts’ motion. See Loomis v. State, 691 So.2d 34, 35 (Fla. 2d DCA 1997); see also Flores v. State, 662 So.2d 1350, 1351-52 (Fla. 2d DCA 1995).
In a separate rule 3.850 motion filed in the second case, no. CF03-004755-XX, Mr. Roberts alleged that if he had received counsel’s effective assistance in the first circuit court case, no. CF03-004148-XX, he would not have been subject to the seven-year mandatory minimum in that first case and he would not have been forced to enter a plea in the second case. The postconviction court denied the rule 3.850 motion in the second case, no. CF03-004755-XX, because Mr. Roberts’ counsel was not found to be ineffective in the first case. Because we are reversing the order denying postconviction relief in the first circuit court case, the postconviction court’s order denying relief in the second circuit court case now lacks any foundation.
Accordingly, we reverse the postconviction court’s orders in both cases, and we remand for the reconsideration of Mr. Roberts’ motions. On remand, if the post-conviction court again denies the motions, it shall either attach to its orders those portions of the record that conclusively refute the claims or conduct an evidentiary hearing.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.