958 So.2d 571 (2007)
Charles HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1285.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
Charlie Hayes, Milton, pro se.
No appearance required for appellee.
FARMER, J.
Defendant filed a motion seeking post-conviction relief under rule 3.850. Police reports attached to the claim show two separate robberies in which three men approached a location in a car, and some or all emerged from the vehicle to rob the victims. He stated that the five robbery victims gave conflicting statements as to whether he ever exited the vehicle. He first claimed that his defense counsel was ineffective in failing to exploit this conflict in the evidence. We find this claim legally insufficient because it does not exclude the possibility that he was convicted for aiding *572 and abetting the robbery by driving the car.
He next claimed that he was not given sufficient time to consider the plea offer, and that he did not fully understand what the eventual outcome of the plea would be. This claim is not facially insufficient. Without record excerpts, it cannot be deemed conclusively refuted by the record.
The trial judge's procedure for handling the motion was thus. The motion was filed in the trial court on August 14th. According to the office stamp, the court file was sent to the assigned judge on August 26th. Without ordering a response from the state, the trial court entered an order on August 28th summarily denying the motion without stating any reason. Nothing was attached to the order demonstrating that all of his claims were refuted by the record.
Rule 3.850(d) specifies that:
"If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order. Unless the motion, files, and records of the case conclusively show that the movant is entitled to no relief, the court shall order the state attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."
Fla. R.Crim. P. 3.850(d). The order entered by the Judge does not state that the motion was denied because of any facial legal insufficiency. Consequently the order should have had attachments "conclusively show[ing] that the movant is entitled to no relief." Id.; Roberts v. State, 568 So.2d 1255, 1256 (Fla.1990) (where trial court denies motion for post-conviction relief without evidentiary hearing, motion and record must conclusively demonstrate that the defendant is entitled to no relief). It is improper to deny this kind of motion without stating a rationale or attaching record excerpts refuting all claims. Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993); Hoffman v. State, 571 So.2d 449, 450 (Fla.1990). The order denying relief is therefore in error and must be reversed.
Rule 3.850 serves an essential function. Convictions do not always become final without some unappreciated error. Unintended mistakes are inevitable. The rule's procedure helps insure that justice will ultimately be achieved, that the occasional errors will be recognized and corrected. As the Supreme Court has explained:
"The rule was never intended to become a hindrance to obtaining a hearing or to permit the trial court to resolve disputed issues in a summary fashion. To the contrary, the `rule was promulgated to establish an effective procedure in the courts best equipped to adjudicate the rights of those originally tried in those courts.'"
Gaskin v. State, 737 So.2d 509, 516 (Fla.1999), receded on other grounds Nelson v. State, 875 So.2d 579 (Fla.2004) (citing Roy v. Wainwright, 151 So.2d 825, 828 (Fla.1963)).
Reversed for compliance with rule 3.850(d).
GUNTHER and WARNER, JJ., concur.