997 So.2d 1262 (2009)
Paul MEYER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-2573.
District Court of Appeal of Florida, Fifth District.
January 2, 2009.
Paul Meyer, Miami, pro se.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Meyer appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as untimely filed. We reverse.[1]
Meyer was adjudicated guilty of two counts of sexual battery on March 8, 2006. He did not seek a direct appeal. His motion for post-conviction relief was presented to prison officials for mailing on March 25, 2008. Pursuant to Rule 3.850(b), an inmate has two years from the date on which a conviction and sentence become final within which to file a motion for post-conviction relief. If there is no appeal, the judgment and sentence do not become final for purposes of this rule until the thirty-day period for filing an appeal expires. See, e.g., Mingo v. State, 790 So.2d 1164 (Fla. 2d DCA 2001); Black v. State, 750 So.2d 162 (Fla. 3d DCA 2000); Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995). Thus, Meyer's motion was timely filed because his conviction and sentence did not become final until April 7, 2006.
REVERSED and REMANDED.
MONACO, TORPY and EVANDER, JJ., concur.
NOTES
[1] The State commendably conceded error.