ALTENBERND, Judge.
Juan Ivan Rodriguez appeals the trial court’s order summarily denying his motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of two of Mr. Rodriguez’s claims without discussion. As to the first and fourth claims, we conclude that the attachments to the order do not refute the claims, which the trial court determined to be facially sufficient. Accordingly, we reverse and remand for further proceedings.
Mr. Rodriguez was convicted of five counts of DUI manslaughter arising out of a three-car accident that occurred in February 2003. He is serving five consecutive terms of life imprisonment. In his motion, he claims that his lawyer was ineffective because she did not retain an automobile accident reconstruction expert to testify at trial. He further contends that his lawyer should have opposed the State’s motion to consolidate Mr. Rodriguez’s trial with that of the codefendant, who was the driver of the third car. Mr. Rodriguez explains that both the State and the jointly-tried code-fendant retained experts to testify at trial. The codefendant was allegedly convicted only of DUI when his expert shifted the blame for the accident to Mr. Rodriguez. Mr. Rodriguez claims that the jury would *508 have reached a different outcome if he had had an expert or been tried separately from the codefendant.
The trial court ordered a response from the State. The response makes many representations about matters in the record. The trial court summarily denied the motion based on this response. For whatever reason, the attachment to the order is a transcript of jury selection. Perhaps the trial court intended to attach the entire record of the trial, which is itself a questionable practice. See Loomis v. State, 691 So.2d 34 (Fla. 2d DCA 1997); see also Flores v. State, 662 So.2d 1350, 1352 (Fla. 2d DCA 1995) (disapproving practice of incorporating state responses into orders denying postconviction motions as substitute for record attachments). In any event, it does not appear that the trial transcript would refute Mr. Rodriguez’s two claims where he presented no expert witness at trial and was tried alongside an allegedly adverse codefendant. Accordingly, we reverse and remand for further proceeding.
Affirmed in part, reversed in part, and remanded.
WHATLEY and LaROSE, JJ., Concur.