PER CURIAM.
 

 Appellant filed a rule 3.850 motion, which the trial court denied as untimely, advising, “No motion for rehearing, reconsideration or clarification will be entertained.” Appellant filed a motion for rehearing, alerting the trial court to controlling authority that it had apparently overlooked, but the trial court stamped the motion with “NO ACTION REQUIRED.” On appeal, Appellant raises two issues (1) the trial court erred in summarily denying his rule 3.850 motion because it was timely filed, and (2) the trial court abused its discretion by refusing to entertain the motion for rehearing.
 

 We only need to address the issue of timeliness. Appellant did not appeal his judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time for filing an appeal passed.
 
 See Gust v. State,
 
 535 So.2d 642, 643 (Fla. 1st DCA 1988). Appellant timely filed his rule 3.850 motion because he filed it within two years of that date.
 
 See id.
 
 We therefore reverse the order denying the motion as untimely.
 

 REVERSED.
 

 HAWKES, C.J., ALLEN and BENTON, JJ., concur.