WHATLEY, Judge.
 

 Penny Gail Livingston appeals the order summarily denying her motion for postcon-viction relief. We reverse because the postconviction court failed to comply with Florida Rule of Criminal Procedure 3.850(d).
 

 In the order summarily denying her motion, the postconviction court began by stating, “In the event Defendant appeals this order, the Clerk of Court is directed to forward the record to the Second District Court of Appeal.” The clerk did not forward the record to this court. Even if it had, “Florida Rule of Criminal Pi'oce-dure 3.850(d) is not satisfied by merely attaching the entire record on appeal.”
 
 Banks v. State,
 
 975 So.2d 1268, 1269 (Fla. 4th DCA 2008) (citing
 
 Hoffman v. State,
 
 571 So.2d 449 (Fla.1990)). Rather, rule
 
 *277
 
 3.850(d) provides that the postconviction court shall attach a copy of the
 
 portions
 
 of the files and records that conclusively show that the movant is entitled to no relief. While the postconviction court refuted Livingston’s allegations by citing to the transcript and sometimes quoting from it, it did not attach the portions of the record it cited, as required by rule 3.850(d).
 

 Accordingly, we reverse and remand with directions that the postconviction court attach those portions of the record that conclusively refute Livingston’s allegations or conduct an evidentiary hearing.
 

 Reversed and remanded with directions.
 

 VILLANTI and CRENSHAW, JJ., Concur.