PER CURIAM.
 

 The appellant appeals the denial, on timeliness grounds, of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
 

 A defendant must file a motion for post-conviction relief within two years of the judgment and sentence becoming final.
 
 See
 
 Fla. R.Crim. P. 3.850(b). When a defendant does not appeal his or her conviction it becomes final when the 30-day period for filing an appeal expires.
 
 Gust v. State,
 
 535 So.2d 642, 643 (Fla. 1st DCA 1988). Here, the appellant’s conviction became final on or about October 27, 2007. The appellant filed his motion, pursuant to the mailbox rule,
 
 *
 
 on October 22, 2009, within two years of his judgment and sentence becoming final. Thus, the motion is timely. Accordingly, we reverse and remand for the trial court to address the merits of the motion.
 

 KAHN, ROWE, and MARSTILLER, JJ., concur.
 

 *
 

 Under the mailbox rule, a motion filed by a pro se inmate is deemed filed when it is handed over to the correctional institution for mailing.
 
 See Haag v. State,
 
 591 So.2d 614 (Fla.1992).