PER CURIAM.
 

 Kenneth Nix appeals an order of the trial court summarily denying his timely, sixty-five page sworn pro se motion for postconviction relief. His motion raises twelve grounds for relief, including ten separate claims of ineffective assistance of counsel. We reverse.
 

 Although the trial court considered a response filed by the state, it denied the motion without attaching or incorporating the response, stating any rationale for denial, or attaching any portions of the record to conclusively refute any of the grounds for relief, at least some of which facially appear to be meritorious.
 

 When a trial court denies a rule 3.850 motion without an evidentiary hearing, it must “either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.”
 
 Anderson v. State,
 
 627 So.2d 1170, 1171 (Fla.1993) (citing
 
 Hoffman v. State,
 
 571 So.2d 449, 450 (Fla.1990)).
 

 In response to this court’s order to show cause, the state suggests it can be inferred
 
 *1291
 
 from the trial court’s order that all of Nix’s grounds for relief are facially insufficient. However, if that were the case, then the trial court should have stricken them with leave to amend within a reasonable time period.
 
 See Spera v. State,
 
 971 So.2d 754, 755 (Fla.2007) (holding that “in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected”).
 

 Accordingly, the order is reversed and remanded for the attachment of portions of the record conclusively refuting the allegations of the motion or for an evidentiary hearing.
 
 See
 
 Fla. R.Crim. P. 3.850(d). On remand, if the trial court determines that any of Nix’s grounds are facially insufficient, it should strike them and allow Nix a reasonable amount of time in which to amend them.
 

 Reversed and remanded.
 

 GROSS, CIKLIN and GERBER, JJ„ concur.