PER CURIAM.
Clevon Ghent challenges the postconviction court’s order denying his motion filed under Florida Rule of Criminal Procedure 3.850. Because the attachments to the order do not conclusively refute Mr. Ghent’s claim, we reverse and remand for further proceedings.
After a jury found Mr. Ghent guilty of three counts of sexual battery, the court sentenced him to thirty years’ imprisonment, followed by ten years’ probation. In his postconviction motion, Mr. Ghent alleged counsel was ineffective for failing to move to suppress his confession on the basis that it was involuntary because it was induced (1) by a false promise from police that in exchange for his confession, he would receive only six months’ jail time and (2) by what Mr. Ghent describes as “coercive injections of Christianity” made by police during the interrogation. Specifically, Mr. Ghent asserted that he was employed as a preacher at the time of the questioning and that police exploited his religious beliefs by extensively referencing Christian scriptures during the interrogation. The postconviction court initially ordered the State to show cause as to why relief should not be granted. In its response, the State attached the entire transcript of the interrogation and argued that the conversation, taken as whole, did not show that Mr. Ghent was actually coerced by the religious references. However, the State conceded that an evidentiary hearing was required as to Mr. Ghent’s allegation that he was coerced by a promise of leniency. Despite the State’s concession, the postconviction court attached the State’s response and attachment and denied relief explaining that “the response conclusively refutes Defendant’s motion and the Court adopts as its own the arguments contained therein.”
“On appeal from the denial of relief, unless the record shows conclusively that *1128 the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.” Fla. R.App. P. 9.141(b)(2)(D); see also Rodriguez v. State, 8 So.3d 507, 508 (Fla. 2d DCA 2009) (reversing and remanding when posteon-viction court’s reliance on the State’s response did not conclusively refute appellant’s claims). As conceded by the State, the transcript of the interrogation does not refute Mr. Ghent’s allegation that his confession was induced by a promise of leniency. Although the State argued that the transcript refutes Mr. Ghent’s allegation that he was coerced by religious references, the two allegations are intertwined because “[i]n order for a confession to be voluntary, the totality of the circumstances must indicate that such confession is the result of free and rational choice.” Johnson v. State, 696 So.2d 326, 329 (Fla.1997).
Accordingly, we reverse the postconviction court’s order and remand for the court to either attach portions of the record that conclusively refute Mr. Ghent’s claim or conduct an evidentiary hearing.
ALTENBERND, CRENSHAW, and MORRIS, JJ., Concur.