IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JASON WILLIAMS,

      Appellant,

 v.                                        Case No.  5D17-231

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 14, 2017

3.850 Appeal from the Circuit Court
for Brevard County,
David Dugan, Judge.

Jason Williams, Lowell, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

For the second time, Jason Williams appeals the summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  In

Williams v. State, 207 So. 3d 253 (Fla. 5th DCA 2016), we affirmed the summary denial

of Williams's first, third and fourth claims for relief.  However, we reversed the summary

denial of his second claim, which asserted that his counsel was ineffective for agreeing

to, or failing to object to, portions of the self-defense jury instruction that improperly shifted the burden of proof from the State to him.[1] We then remanded for the trial court to attach portions of the record conclusively refuting that claim or to hold an evidentiary hearing. Williams, 207 So. 3d at 254. On remand, the postconviction court again summarily denied Williams's second claim.[2] This was error.

"A challenge to a jury instruction is properly raised on appeal, but when defense counsel has failed to preserve the right to appeal the issue, a defendant may challenge his counsel's performance through a motion for postconviction relief . . . ." Ottesen v. State, 862 So. 2d 30, 30 (Fla. 2d DCA 2003). An instruction that shifts the burden of proof in support of a defense to the defendant is inappropriate and cannot be viewed as reasonable trial strategy. Adams v. State, 727 So. 2d 997, 999-1000 (Fla. 2d DCA 1999). Accordingly, Williams is entitled to an evidentiary hearing on his second claim for relief. See Hughes v. State, 22 So. 3d 132, 135 (Fla. 2d DCA 2009). We reverse the trial court's

---

[1] As we explained in Brown v. State, 454 So. 2d 596, 598 (Fla. 5th DCA 1984), superseded by statute on other grounds as stated in Thomas v. State, 918 So. 2d 327, 330 (Fla. 1st DCA 2005),

> [w]hile the defendant may have the burden of going forward with evidence of self-defense, the burden of proving guilt beyond a reasonable doubt never shifts from the State, and this standard broadly includes the requirement that the State prove that the defendant did not act in self-defense beyond a reasonable doubt.

[2] The postconviction court attached the original order denying the rule 3.850 motion, our mandate from the direct appeal, and the entire trial transcript to the summary denial order. Rule 3.850 requires that the court attach only "a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief." Fla. R. Crim. P. 3.850(f)(4) (emphasis added). The court's approach frustrates appellate review and can alone be grounds for reversal to attach specific records to the summary denial order. See Pullum v. State, 893 So. 2d 627, 628-29 (Fla. 2d DCA 2005).

order summarily denying Williams's second claim for relief and remand for an evidentiary hearing.

REVERSED and REMANDED.

SAWAYA, ORFINGER and LAMBERT, JJ., concur.