# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3347
Lower Tribunal No. 2018-CF-002957

_____

JESUS R. HERNANDEZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
John D.W. Beamer, Judge.

March 21, 2025

MIZE, J.

Appellant, Jesus R. Hernandez ("Hernandez"), appeals the denial of his pro se motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. *See* Fla. R. Crim P. 3.850(k); Fla. R. App. P. 9.030(b)(1)(A). Because the lower court erroneously found that Hernandez's motion was not timely filed, we reverse and remand for the lower court to consider the claims in Hernandez's motion on the merits as required by Florida Rule of Criminal Procedure 3.850.

On October 7, 2019, Hernandez entered a guilty plea to twenty-five counts of sexual offenses that involved children. The lower court rendered the judgment and sentence the same day. Hernandez did not appeal, and the judgment and sentence became final when the thirty-day time period for filing an appeal expired on November 6, 2019. *See* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988). On October 1, 2021, Hernandez gave his motion for post-conviction relief to prison officials for mailing as indicated by the date stamp on the motion. The Osceola County Clerk of Court received the motion on October 8, 2021, and stamped the motion accordingly. The lower court considered Hernandez's motion and denied it as untimely. Specifically, the lower court found: (1) when Hernandez did not file an appeal, his sentence became final on October 7, 2019; and (2) his motion was filed on October 8, 2021, and was therefore untimely.

The lower court relied upon Florida Rule of Criminal Procedure 3.850(b) which provides: "No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final . . . ." Under the mailbox rule, a pro se inmate's motion "is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials." *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)). As noted above,

Hernandez's judgment and sentence became final when the thirty-day time period for filing an appeal expired on November 6, 2019. He placed his motion into the hands of the prison officials on October 1, 2021, which was within the two-year period after his judgment and sentence became final. Under *Haag* and Rule 3.850(b), his motion was timely filed, and the lower court erred in finding that it was untimely. Accordingly, we reverse and remand for the lower court to consider Hernandez's post-conviction motion on the merits in accordance with Florida Rule of Criminal Procedure 3.850(f).

REVERSED and REMANDED.

NARDELLA and WOZNIAK, JJ., concur.


Jesus R. Hernandez, Chipley, pro se.

James Uthmeier, Attorney General, Tallahassee, and Marissa V. Giles, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED