593 So.2d 1150 (1992)
Alonzo REAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1972.
District Court of Appeal of Florida, First District.
February 11, 1992.
*1151 Alonzo Reaves, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Alonzo Reaves appeals the denial of his rule 3.850 motion for post-conviction relief, in which he alleged violations of his constitutional right to due process of law, freedom from unreasonable searches and seizures, and effective assistance of counsel. We affirm, for the reasons set forth below.
The trial court's summary denial of the 3.850 motion, predicated on the court's finding that the claims raised in the motion were or should have been raised on direct appeal, was proper with respect to appellant's allegations concerning the failure to suppress his pre-trial statements, failure to suppress the weapon seized from his grandmother's house, and his alleged incompetency to waive counsel and to confess. These claims are procedurally barred, because they could have or should have been raised on direct appeal. See Fla.R.Crim.P. 3.850; White v. Dugger, 565 So.2d 700 (Fla. 1990); Duest v. Dugger, 555 So.2d 849 (Fla. 1990). However, the trial court's ruling was not proper with respect to appellant's allegations of ineffective assistance of trial counsel, since such claims must be raised in a motion for post-conviction relief. King v. Dugger, 555 So.2d 355 (Fla. 1990); Gardner v. State, 550 So.2d 176 (Fla. 1st DCA 1989); Chambers v. State, 530 So.2d 452, 453 (Fla. 1st DCA 1988).
To establish ineffective assistance of trial counsel, appellant was required to show that (1) his counsel's performance was deficient, and (2) a reasonable probability that the result of the proceeding would have been different absent the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Routly v. State, 590 So.2d 397 (Fla. 1991). General allegations or mere conclusions are insufficient to demonstrate entitlement to relief. Flint v. State, 561 So.2d 1343, 1344 (Fla. 1st DCA 1990); Williams v. State, 553 So.2d 309 (Fla. 1st DCA 1989). Moreover, "[a] court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied." Kennedy v. State, 547 So.2d 912, 914 (Fla. 1989), citing Maxwell v. Wainwright, 490 So.2d 927 (Fla.), cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986).
The allegations of ineffective assistance of trial counsel raised in the instant motion for post-conviction relief are deficient because they are stated as mere conclusions, without the requisite showing of prejudice. The motion fails to allege facts, which if true, would demonstrate that evidence introduced at trial was obtained unlawfully, or that appellant was prejudiced by its admission. Therefore, although a motion for post-conviction relief is the proper vehicle for presentation of claims of ineffective assistance of trial counsel, we affirm the order appealed, because the allegations of ineffective assistance of trial counsel in this case are facially insufficient to demonstrate an entitlement to relief.
Accordingly, the order denying appellant's motion for post-conviction relief is affirmed.
ZEHMER and WOLF, JJ., concur.