BOOTH, Judge,
dissenting:
I must dissent from the majority’s decision to reverse the summary denial of appellant’s motion for postconviction relief from his conviction of possession of cocaine and of drug paraphernalia. Appellant’s motion states in pertinent part:
GROUND ONE
Trial Counsel rendered Ineffective Assistance of Counsel when he failed to Object to the Introduction of an Invalid Arrest Report or Warrant that was Admitted into Evidence.
[[Image here]]
... This act or omission by defense counsel was so Prejudicial that it deprived Defendant of a Fundamental Fair Due Process Trial and under guise Defense Counsel actually assisted the State in Knowingly presenting False documentation and Misstatements of fact by introducing said document as being Authentic and by Misleading The Jury into believing that this warrant was the Outstanding Warrant giving the Officers Probable cause to arrest Defendant ... and Further iterating that Defendant was a Fugitive, Prejudicial in the sense that record Testimony Reveals that Defendant Fled, ran or attempted to Elude Law Officials upon his arrest.
[[Image here]]
GROUND TWO
Trial counsel rendered ineffective assistance of counsel when he failed to file Motion to Suppress Evidence and dismissal of charges based upon a lack of probable cause and warrantless arrest.
In the instant case Defendant was al-legely [sic] arrested due to an active and outstanding warrant. (TR. 12). During the Process of arrest a Crack Pipe was found in the vicinity of Defendant’s arrest in which Defendant allegelly [sic] had possession of. Due to these facts and circumstances Defendant was charged with Possession of Cocaine and Drug Parapheralia [sic].
Defendant contends that Law Officials did not have a valid Warrant for his arrest Nor Probable cause to arrest him....
[[Image here]]
It is submitted that Defense counsel was Ineffective as counsel Failed to File a Pre Trial Motion To Factual Determination regarding the Probable cause of Defendant’s arrest due to the warrant being invalid. Defendant Further Contends that Defense Counsel was Ineffective when he failed to File a Motion to Suppress Evidence to wit: Crack Pipe that was seized as a result of this Warrant-less and Illegal arrest and any evidence seized as a result thereof violated Defendant’s Constitutional rights, [emphasis in original]
These allegations are not facially sufficient to show ineffective assistance of counsel.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that a motion to vacate based on ineffective assistance of counsel must allege facts showing that counsel’s performance was deficient and that the deficient performance prejudiced the defense, holding: “This requires showing the counsel’s errors *551 were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable,” and that “there is a reasonable probability that, absent the errors, the factfin-der would have had a reasonable doubt respecting guilt.” Id. at 695, 104 S.Ct. at 2068-69. In Reaves v. State, 593 So.2d 1150 (Fla. 1st DCA 1992), quoting Kennedy v. State, 547 So.2d 912, 914 (Fla.1989), this court held: “Moreover, ‘a court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied.’ ”
In the instant case, the motion is insufficient because it fails to allege the deficient performance of counsel or how the result of the proceedings would have been different had counsel adequately performed his duties. Appellant contends that admission of a warrant misled the jury into believing that the police had probable cause to make an arrest, but the propriety of the arrest is not an element of the crimes with which appellant was charged. In addition, appellant contends that admission of the warrant infers that he was a fugitive in the “sense that record Testimony Reveals that [he] Fled, ran or attempted to Elude Law Officials upon his arrest.” This statement is a mere conclusion and does not demonstrate that there is a reasonable probability that the fact-finder would have a reasonable doubt respecting guilt.
Finally, as to appellant’s contention that counsel was ineffective for failing to file a motion to suppress evidence seized as a result of a warrantless arrest, the petition does not allege that appellant was prejudiced by the alleged error. I am unwilling to read into the petition an allegation of prejudice. Therefore, I respectfully dissent.