JOANOS, Chief Judge.
In this appeal from denial of a motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, appellant alleged that his counsel’s ineffective assistance rendered his nolo contende-re plea involuntary. The trial court denied the motion, finding it was not filed within the limitation period set forth in rule 3.850. We affirm the order denying post-conviction relief, but on other grounds.
Initially, appellant was charged with lewd and lascivious assault. On February 28, 1989, he pled nolo contendere to one count of aggravated battery, and was sentenced to a five-year term of incarceration. Appellant alleged that his decision to enter a plea was based upon his belief that by doing so, he would not be sentenced as a “sex offender,” and so would not be precluded from the right to be considered for work release, administrative gain time, and/or provisional credits. Appellant further alleged that he relied upon his attorney’s representations that entry of a plea to a charge other than the original charge would assure his right to receive provisional credits. Appellant next alleged that after he began serving his sentence, the Department of Corrections applied the provisions of section 944.277, Florida Statutes, and Florida Administrative Code Rule 33-28.001, to find him ineligible for provisional release credits. Finally, appellant maintained that the circumstances of this case fall within one of the exceptions to the two-year limitation period set forth in rule 3.850, in that the facts and matters underlying his claim were unknown to appellant and to his attorney, and could not have been ascertained at the time of entry of the plea.
The rule at issue provides:
The determination of an inmate’s eligibility to provisional credits shall be made based on information found in the indictment or information for the offense, judgment or any other court document reflecting conviction, presentence or postsentence investigation, criminal histories, arrest reports or any documents from a criminal justice agency which con *1356 firm that the individual was convicted of a specific offense.
Fla.Admin.Code Rule 33-28.001(4). The authorizing statute, section 944.277,[1] was amended extensively in 1989 and 1990. The rule was adopted May 15, 1989, some two and one-half months after appellant" entered a negotiated plea to aggravated battery, allegedly with the understanding that a plea to a different charge would assure his eligibility for provisional credits.
The record in this case suggests the existence of a valid basis for application of an exception to the two-year limitation period contained in rule 3.850 of the Florida Rules of Criminal Procedure.[2] Nevertheless, upon further review, we have determined that the factual allegations of the motion are insufficient to state a basis for relief under rule 3.850. It is clear from the aver-ments of the motion for post-conviction relief that appellant was not misled by either his counsel or the trial court when he entered his plea. The information which he alleges was provided to him was correct when he entered his plea. In other words, appellant has failed to allege facts, which if true, would establish that his plea was entered involuntarily, or that his counsel was ineffective.
Our decision to affirm the trial court’s order denying post-conviction relief is based solely on appellant’s claim that he was denied effective assistance of counsel. We express no opinion regarding appellant’s entitlement, if any, to remedy through some other theory. However, we note that appellant’s claim is grounded upon his being denied provisional credits. In Dugger v. Rodrick, 584 So.2d 2, 4 (Fla.1991), the Florida Supreme Court held that an “award of provisional credits under Florida’s inmate population control statute is not subject to ex post facto restrictions because it does not make ‘more burdensome the punishment for a crime, after its commission.’ ” See also Dugger v. Grant, 610 So.2d 428 (Fla.1992); Blankenship v. Dugger, 521 So.2d 1097 (Fla.1988).
Accordingly, the order denying post-conviction relief is affirmed.
BOOTH and SMITH, JJ., concur.

. § 944.277, Fla.Stat. (1989), provides in pertinent part:
(1) Whenever the inmate population of the correctional system reaches 97.5 percent of lawful capacity as defined in s. 944.096, the Secretary of Corrections shall certify to the Governor that such condition exists. When the Governor acknowledges such condition in writing, the secretary may grant up to 60 days of provisional credits equally to each inmate who is earning incentive gaintime, except to an inmate who:
[[Image here]]
(c) Is convicted, or has been previously convicted, of committing or attempting to commit sexual battery, incest, or a lewd or indecent assault or act;

. Florida Rule of Criminal Procedure 3.850 provides, among other things, that a motion for post-conviction relief shall not be considered “if filed more than two years after the judgment and sentence become final unless it alleges (1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, ...” Because the change in the administrative rule which precluded appellant’s continuing eligibility for provisional credits was not in effect when the plea was entered, it could not have been known to appellant and his counsel, or to the trial court, when the instant plea was entered.