627 So.2d 112 (1993)
Roosevelt DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3742.
District Court of Appeal of Florida, First District.
November 30, 1993.
Appellant, Roosevelt Davis, pro se.
No appearance for appellee.
PER CURIAM.
Appellant, Roosevelt Davis, appeals the trial court's denial of his motion for postconviction relief. Appellant raises four issues on appeal: (1) whether appellant was denied effective assistance of counsel at trial because of counsel's failure to argue on equal protection grounds the systematic underrepresentation of blacks and other racial and ethnic groups in the jury pool; (2) whether appellant was denied effective assistance of counsel because of counsel's failure to move for a change of venue where the petit jury was all white and the defendant black; (3) whether appellant was denied effective assistance of counsel because of counsel's failure to subpoena Sabla Jackson who would have provided exculpatory evidence; (4) whether appellant was denied effective assistance of counsel because counsel failed to include in the "statement of judicial acts to be reviewed" the trial court's denial of appellant's motion for judgment of acquittal. As to the second and fourth issues raised, we find appellant's arguments to be without merit and affirm without further comment. As to the first issue, we affirm without prejudice to the filing of a proper motion for postconviction relief. As to the third issue, we reverse and remand for an evidentiary hearing.
Appellant contends that the failure of trial counsel to argue the systematic underrepresentation of blacks and other ethnic *113 groups from the jury pool constitutes ineffective assistance of counsel. Appellant's argument is facially insufficient to state a claim for postconviction relief because it is merely a conclusory allegation with no factual support for the contention that the jury venire did not reflect a fair cross-section of the community. See Wooden v. State, 589 So.2d 372 (Fla. 1st DCA 1991); Mitchell v. State, 581 So.2d 990 (Fla. 1st DCA 1991). We affirm the trial court's denial of relief as to this issue without prejudice to the filing of a sufficiently specific motion for postconviction relief.
Appellant also alleges that one Sabla Jackson swore by affidavit in support of appellant's motion for a new trial that he, rather than appellant, possessed the weapons in question and threw them out of the window of the vehicle prior to appellant's arrest for possession of a firearm by a convicted felon. See Davis v. State, 587 So.2d 580 (Fla. 1st DCA 1991). To establish ineffective assistance of trial counsel, appellant was required to show that (1) his counsel's performance was deficient; (2) a reasonable probability that the result of the proceeding would have been different absent the deficient performance. Reaves v. State, 593 So.2d 1150 (Fla. 1st DCA 1992) (citations omitted). We find that appellant has satisfied both prongs of this test. First, the trial transcript strongly suggests, although we cannot say with absolute certainty, that Sabla Jackson was appellant's nephew and a passenger in the vehicle with appellant when appellant was arrested.[1] It is reasonable to conclude that the failure to call a witness possessed of exculpatory evidence and of whom trial counsel should have been aware constitutes deficient performance. Next, having reviewed the entire transcript of appellant's trial,[2] we note that conflicting evidence was presented on the question of which of the vehicle's occupants possessed the weapons prior to their ejection from the moving vehicle. Because appellant alleges that Sabla Jackson would have presented exculpatory evidence on this very point, we conclude that appellant has demonstrated a reasonable probability that the result at trial would have been different, assuming the allegations to be true. Therefore, on remand, the trial court is directed to hold an evidentiary hearing to resolve the claim of ineffective assistance of counsel due to counsel's failure to call Sabla Jackson as a witness for the defense.
AFFIRMED in part, REVERSED and REMANDED in part for evidentiary hearing.
JOANOS and MINER, JJ., concur.
KAHN J., concurs with opinion.
KAHN, Judge, concurring.
I agree to reverse and remand only because appellant specifically alleges in his sworn memorandum:
(Sabla Jackson) was the person who threw the guns out the car window on the night in question, and the Defendant never was in possession of said firearms .. . This evidence of Sabla Jackson's possession of the guns was known prior to trial and it went straight to the heart of the case.
The literal terms of Rule 3.850 constrain an appellate court in cases such as the present one. Allegations such as the one quoted above are, however, subject to the criminal sanctions of Chapter 837 when they constitute knowingly made false statements. The materiality of the statement is proven by the result in this case.
NOTES
[1] The trial testimony refers to appellant's nephew as "Sabrin [phonetic] Jackson."
[2] In denying appellant's motion for postconviction relief, the trial court stated that the "attachments indicate that defendant is entitled to no relief." The "attachments" to which the trial court referred is the entire transcript of appellant's trial proceedings. Florida Rule of Criminal Procedure 3.850 requires the trial judge to do more, i.e., attach the specific portion of the record which conclusively demonstrates that appellant is entitled to no relief. Hoffman v. State, 571 So.2d 449 (Fla. 1990).