PER CURIAM.
This is an appeal from the denial of appellant’s rule 3.850 motion for post-conviction relief. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
On January 19, 1988, appellant was convicted of first degree murder and possession of a firearm during the commission of a felony, for which he received a life sentence and a consecutive 30 month sentence. Ap *135 pellant originally filed his 3.850 motion, alleging ineffective assistance of trial counsel, on February 25, 1991, and it was summarily denied as untimely. This court determined on appeal that the motion had been timely filed within two years of the mandate issued after appellant’s direct appeal. Cook v. State, 596 So.2d 483 (Fla. 1st DCA 1992). In the interim, on March 29, 1991, and April 8, 1992, appellant filed supplements to his motion, alleging additional instances of ineffective assistance of counsel. A total of nine instances of ineffective assistance of trial counsel were alleged in appellant’s original and supplemental motions. After remand from this court’s determination that the original motion was timely filed, the trial court requested a response from the state attorney, in which all nine claims were addressed. The trial court denied appellant’s motion without an evidentiary hearing, attaching only the state attorney’s response to the final order.
Although not required to do so, see Florida Rule of Appellate Procedure 9.140(g), appellant filed a brief in this court in which he argued the trial court erred in his rulings on three of the nine claims of ineffective assistance of counsel. The state filed an answer brief, in which it requested this court to remand the case so that the trial court could attach pertinent portions of the record and additionally, so that the court could determine which of appellant’s claims requires a ruling, since some of the claims of ineffective assistance of trial counsel were added to the motion in supplements filed after the two year bar of rule 3.850(b).
First, we conclude that, under the circumstances of this case, by responding to all nine claims of ineffective assistance of counsel below, the state has waived any argument that some of the supplemental claims were untimely. Second, we conclude that the only rulings this court must address are those three asserted as error in appellant’s brief.
“To establish ineffective assistance of trial counsel, appellant was required to show that (1) his counsel’s performance was deficient, and (2) a reasonable probability that the result of the proceeding would have been different absent the deficient performance.” Davis v. State, 627 So.2d 112 (Fla. 1st DCA 1993); Reaves v. State, 593 So.2d 1150 (Fla. 1st DCA 1992). Appellant claims that at his trial, a newspaper containing a prejudicial article about him was seen in the jury room, and that his trial counsel was ineffective in failing to move for a mistrial on that basis. We conclude that this claim is legally deficient, because even if what appellant asserts in his motion is true, he would not be entitled to relief. See Fisher v. State, 613 So.2d 1355, 1356 (Fla. 1st DCA 1993). In his motion, appellant stated “despite the record reflecting that all jurors indicated negatively that they had been exposed to any media, defendant contends that the affidavits of three witnesses conclusively prove that several members of the jury were indeed exposed to the article and that said jurors withheld that information from the court thereby prejudicing the defendant,” [emphasis supplied]. Appellant submitted three affidavits of family members, prepared years after the trial, in support of this claim.
In the order denying post-conviction relief, the trial court stated that the record reflects that defense counsel brought the matter to the court’s attention and on being questioned by the court the jury indicated in the negative to being exposed to the news media. The trial court did not attach the pertinent portion of the record to the order; however, appellant’s motion and the attachments thereto show that he would not be entitled to relief on this claim because they indicate that after the incident alleged, the trial court questioned the jury and they denied having been exposed to any media. Appellant’s own motion shows there was no basis to move for a mistrial, and therefor no deficiency in performance in failing to do so. See generally Derrick v. State, 581 So.2d 31 (Fla.1991). We affirm as to this claim.
Appellant also claims that certain evidence, which appellant asserts was exculpatory, was not introduced into evidence. He argues his attorney should have called someone from the Florida Department of Law Enforcement (“FDLE”) who could have testified that a gunshot residue test was nega *136 tive. Appellant has attached to his motion excerpts from the trial transcript that serve to explain the basis for this argument. These attachments indicate that the FDLE witnesses who testified at trial did not have the results of that test. The attachments to the motion also indicate that during closing arguments, defense counsel pointed out to the jury the absence of the test results, insinuating the results were not presented because they were negative; from this, appellant infers the test results were negative and his attorney was ineffective in failing to obtain them and present them as evidence.
In the order denying the 3.860 motion, the trial court stated that in view of appellant’s confession that he fired the gun, the results of the residue test would not have affected the outcome of trial. While the trial court did not attach the confession to the order denying the motion, appellant did attach his confession to his motion, or one of the supplements, thus his own motion demonstrates the lack of prejudice and renders this claim legally deficient. Because of the confession, “there is no reasonable probability that, had this evidence been disclosed, the result of [appellant’s] trial would have been different.” Roberts v. State, 568 So.2d 1255, 1260 (Fla.1990). In considering a claim of ineffective assistance of counsel, the court “ ‘need not make a specific ruling on the performance component when it is clear that the prejudice component is not satisfied.’ ” Reaves, 593 So.2d at 1151. We affirm as to this claim.
Appellant’s final claim is that defense counsel failed to establish material facts during the pre-trial suppression hearing on appellant’s alleged involuntary confession. Appellant asserts the confession was involuntary because he had taken 45 Xanax pills just before his arrest, and that his attorney failed to present this at the suppression hearing. In denying the motion for post-conviction relief, the trial court stated the motion to suppress had been denied on conflicting evidence, however, it did not attach any portion of the record supporting that conclusion or showing that the Xanax or some form of intoxication had been mentioned at the suppression hearing. The state attorney, in his response, referred to certain depositions as showing appellant was not under the influence of alcohol to such an extent as to void his free will when he signed the confession, but those portions of the record were not attached to the order. As the state points out in its brief, there is no authority to substitute the attachment of the state attorney’s response for pertinent portions of the files and records, and the trial court erred in failing to attach portions of the record to conclusively refute this claim. The order denying appellant’s motion is reversed as to this claim and remanded for either the attachment of portions of the record conclusively refuting this claim or for an evidentia-ry hearing on this claim.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, JOANOS and KAHN, JJ., concur.