PER CURIAM.
Colandro Peters appeals the denial of his motion for post-conviction relief on two of the seven claims for relief asserted. He was sentenced as a habitual felony offender for second-degree murder with a firearm to life in prison with a three-year mandatory minimum. His offense was committed during the window period when Florida law chapter 95-182 was in effect. It has been declared unconstitutional as violative of the single subject rule of Article III, Section 6 of the Florida Constitution in State v. Thompson, 750 So.2d 643 (Fla.1999).
Chapter 95-182, Section 2 rewrote section 775.084(4)(a)(1), Florida Statutes, to allow the imposition of habitual felony offender sentences for defendants convicted of life felonies, such as appellant Peters. In a similar instance, this court has reversed a trial court order denying a defendant’s motion challenging his habitual felony offender life sentence for a life felony *491 based on chapter 95-182, by application of the Thompson decision. Lewis v. State, 764 So.2d 874 (Fla. 4th DCA 2000). The court, in Leivis, remanded for the trial court to reconsider the sentences imposed in accordance with the law in effect prior to the 1995 amendments to the sentencing laws. We reverse the trial court order denying the motion for post-conviction relief in this case as well, and remand for the same reconsideration.
Appellant also challenged the trial court’s summary denial of his claim of ineffective assistance of trial counsel for failure to renew an objection to the racial composition of the jury venire. We affirm the denial, but without prejudice to Appellant’s right to refile within thirty days of this court’s mandate a second sufficiently detailed motion on this claim only. Bostic v. State, 631 So.2d 1146 (Fla. 4th DCA 1994); Davis v. State, 627 So.2d 112, 113 (Fla. 1st DCA 1993).
Affirmed in part, reversed in part, and remanded.
STONE, KLEIN, and TAYLOR, JJ., concur.