PER CURIAM.
We review the order denying appellant’s rule 3.850 motion for post-conviction relief and find that the trial court erred in summarily denying appellant’s motion. Appellant’s motion alleged the ineffectiveness of his defense counsel for failing to call a witness who would offer exculpatory testimony. This claim was not conclusively refuted by the exhibits attached to the state’s response and expressly incorporated in the trial court’s order. Therefore, *223 we reverse the order denying relief on this claim and remand the case to the trial court for an evidentiary hearing or attachment of further record support.
Appellant was charged with one count of aggravated battery. Appellant claims he informed his attorney prior to trial that witness, David Dowed, could offer exculpatory testimony for him and yet his lawyer failed to call the witness. Based on the extent of the record presently before this court, the failure to call this witness, who appellant claims could offer exculpatory testimony, may have affected the outcome of the case. See Davis v. State, 627 So.2d 112 (Fla. 1st DCA 1993). A defendant is entitled to relief on the basis of ineffective assistance of counsel where there is a reasonable probability that, but for counsel’s deficient performance, the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
On remand, the trial court is directed either to attach further record excerpts supporting its order of denial or to conduct an evidentiary hearing to confirm appellant advised counsel of his exculpatory witness, and, if so, why trial counsel failed to call the alleged witness. If trial counsel’s performance was deficient, the trial court must then make a determination, based on a complete review of the trial transcript, whether there is a reasonable probability that counsel’s performance resulted in prejudice pursuant to the standard announced in Strickland.
FARMER, STEVENSON and GROSS, JJ., concur.