IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

 v.                                    Case No.  5D16-462

ISAAC L. ANDERSON, JR.,

      Appellee.

_____/

Opinion filed March 31, 2017

Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellant.

David Frakt, of Law Office of David Frakt,
Orlando, for Appellee.

BERGER, J.

The State of Florida appeals an amended final order granting Grounds Three and Eight of Isaac Anderson's postconviction motion alleging ineffective assistance of trial counsel. See Fla. R. Crim. P. 3.850. The State argues that the postconviction court erred in vacating two of Anderson's convictions: namely, Count Three, fleeing and eluding, and Count Four, resisting arrest without violence because the ineffective assistance of

counsel claims raised in Grounds Three and Eight do not concern those convictions.[1] We agree and reverse.

Anderson was found guilty at trial of two counts of aggravated battery on a police officer with a deadly weapon (Counts One and Two), one count of fleeing and eluding, and one count of resisting arrest without violence. The charges arose after officers in marked police vehicles performed a dynamic takedown of the stolen Ford Focus that Anderson was driving. The takedown resulted in multiple collisions between the Ford Focus and two police cars.[2] After these initial collisions, Anderson fled. Officers, aided by an Orange County Sheriff's Office chase helicopter, pursued Anderson for over five miles until he stopped the Ford Focus in the Pine Hills neighborhood of Orlando. Once stopped, the Ford Focus was rear-ended by a pursuing police car. Anderson and his passenger, Laron Johnson,[3] jumped out of the car and fled on foot. They were apprehended a short time later.

---

[1] The State did not appeal the portion of the postconviction court's order vacating Anderson's convictions on Counts One and Two for aggravated battery on a law enforcement officer with a deadly weapon.

[2] The State's theory at trial on the aggravated battery counts was that Appellant used the Ford Focus as a deadly weapon and rammed it head on into the police cars to move them out of the way and make good his escape. The State's version of the facts evolved over the course of the postconviction proceedings, particularly after the State's theory of the case and the testimony of the police officers were contradicted by post-collision photographs of the Ford Focus, taken by the owner's auto insurer, that showed no damage to the front of the Ford Focus.

[3] Before Anderson's trial, Laron Johnson pled guilty to a misdemeanor resisting without violence charge in connection with the incident.

After his convictions and sentences had been affirmed, Anderson moved for postconviction relief, raising eleven grounds. Only Grounds Three and Eight are relevant to this appeal.

Ground Three argued that his trial counsel was ineffective for failing to interview and call Johnson as a witness at trial. According to Anderson, Johnson's testimony would have contradicted the testimony of the police officers regarding the damage to the Ford Focus as it related to the aggravated battery counts. Ground Eight alleged that Anderson's trial counsel was ineffective for failing to hire and present testimony from an accident reconstruction expert.

After holding an evidentiary hearing, the postconviction court granted Anderson's motion and vacated and set aside his judgment and sentences. The State filed a motion seeking clarification as to the specific grounds on which the postconviction court granted the motion and, since the motion only addressed the aggravated battery convictions, whether the postconviction court intended to vacate Anderson's convictions for fleeing and eluding and resisting without violence.

In an amended order, the postconviction court clarified that it had granted relief on Grounds Three and Eight only, that it had summarily denied all the other grounds, and that it had vacated Anderson's convictions on all four counts. This appeal followed.

Ineffective assistance of counsel claims present mixed questions of law and fact. Hitchcock v. State, 991 So. 2d 337, 346 (Fla. 2008) (citing Sochor v. State, 883 So. 2d 766, 771-72 (Fla. 2004)); Stephens v. State, 748 So. 2d 1028, 1031-32 (Fla. 1999) (citing Rose v. State, 675 So. 2d 567 (Fla. 1996)). Deference is given to the postconviction court's factual findings if they are supported by competent substantial evidence in the

3

record.  Hitchcock, 991 So. 2d at 346 (citing Sochor, 883 So. 2d at 771-72); State v. Coney, 845 So. 2d 120, 132-33 (Fla. 2003) (citing Stephens, 748 So. 2d at 1031-34).  The postconviction court's legal conclusions and its application of the law to the facts are reviewed de novo.  Hitchcock, 991 So. 2d at 346 (citing Sochor, 883 So. 2d at 771-72); Coney, 845 So. 2d at 132-33 (citing Stephens, 748 So. 2d at 1034).

Defense counsel renders ineffective assistance of counsel "when counsel's performance falls outside the range of reasonable professional assistance and when there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance." Larry v. State, 61 So. 3d 1205, 1207 (Fla. 5th DCA 2011) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).  This standard requires the defendant to show, first, that his trial counsel's performance was deficient such that it falls below the minimum standard of reasonableness set by the Sixth Amendment to the United States Constitution and, second, prejudice arising from that deficient performance.  Morris v. State, 931 So. 2d 821, 827-28 (Fla. 2006) (citing Strickland, 466 U.S. at 687).

The attorney's performance is analyzed with great deference under an objective standard of reasonableness.  Bradley v. State, 33 So. 3d 664, 671 (Fla. 2010).  An attorney's performance is constitutionally acceptable if the attorney renders reasonably competent and effective assistance.  Strickland, 466 U.S. at 687 (citing Trapnell v. United States, 725 F.2d 149, 151-52 (2d Cir. 1983)).  Mistakes and errors made by counsel, including unreasonable errors, are not sufficient to set aside the judgment unless the error actually prejudiced the defendant by affecting the judgment.  Id. at 687, 691-92 (citing United States v. Morrison, 449 U.S. 361, 364-65 (1981)).

4

Prejudice in the ineffective assistance of counsel analysis can be established only when the error alleged in the grounds for relief affects the validity of the conviction and sentence at issue such that there is a reasonable probability that the outcome of the trial would have been different. See id. at 694; see also Edwards v. State, 410 So. 2d 635, 635 (Fla. 1st DCA 1982) (finding that denial of relief under rule 3.850 was proper where deficient performance of defendant's trial counsel in failing to advise defendant of deadline to appeal and right to counsel on appeal was not prejudicial because it did not affect validity of defendant's conviction and sentence); cf. Commonwealth v. Tavernier, 922 N.E.2d 166, 169, 171-78 (Mass. App. Ct. 2010) (granting postconviction relief motion and vacating convictions on over a dozen counts where guilty pleas were not supported by adequate plea colloquy but affirming on two counts where plea colloquy adequately supported guilty plea). The prejudice analysis must be determined in the context of the entire record of the case. Occhicone v. State, 768 So. 2d 1037, 1041 (Fla. 2000) (citing Haliburton v. Singletary, 691 So. 2d 466, 470 (Fla. 1997)).

Here, the State does not challenge the postconviction court's finding of deficient performance. We, therefore, turn our attention to whether counsel's failure to call Johnson and the accident reconstruction expert as witnesses resulted in prejudice to Anderson as it relates to his convictions for fleeing and eluding and resisting without violence. We conclude it did not.

Anderson admitted at trial that he fled the scene of the initial collisions and that he fled on foot after the collision at the end of the car chase because he was paranoid and thought the police would kill him based on news reports he had read about the Orlando Police Department. This admission precludes a finding that Anderson was prejudiced by

5

his trial counsel's failure to call Johnson as a witness.[4]  Cf. United States v. Ausmus, 774 F.2d 722, 727 (6th Cir. 1985) (finding in income tax evasion case that prejudice prong of Strickland was not met where defendant admitted on cross-examination that his failure to pay income taxes "was not accidental, negligent, or inadvertent"); Gibson v. State, 835 So. 2d 1159, 1161 (Fla. 2d DCA 2002) (noting there was no prejudice because defendant admitted to offense in police interview).

Moreover, Ground Three of Anderson's motion did not allege that Johnson's testimony would have had any impact on Anderson's convictions for fleeing and eluding and resisting without violence.  Likewise, Ground Eight did not affect those convictions either because Anderson's motion did not allege that the accident reconstruction expert's testimony would have had any bearing on the events that occurred after the initial collisions between the police cars and the Ford Focus.  Indeed, the expert testified at the evidentiary hearing that he did no analysis of damage to the Ford Focus that occurred after the initial collisions.

Accordingly, because Grounds Three and Eight of Anderson's rule 3.850 motion factually relate only to his aggravated battery convictions, we reverse that portion of the postconviction court's order vacating Anderson's convictions for fleeing and eluding and resisting without violence.  In all other respects, we affirm.[5]

---

[4] Anderson's claim that Johnson's testimony would establish a defense to the fleeing and eluding count is spurious.  Fear of the police as a defense would eviscerate the crime and certainly does nothing to establish a defense of necessity or duress, particularly when Anderson's trial testimony leaves no doubt that he knew he was fleeing law enforcement officers.  See § 776.051(1), Fla. Stat. (2011); Rowley v. State, 939 So. 2d 298, 300 (Fla. 4th DCA 2006).

[5] Anderson also contends that the postconviction court should have granted relief on the Brady claims in Ground Two of the rule 3.850 motion.  Anderson's argument on

6

AFFIRMED in part, REVERSED in part, and REMANDED.

LAMBERT and EDWARDS, JJ., concur.

---

Ground Two is procedurally barred because Anderson did not file a cross-appeal. See State v. Jimenez, 173 So. 3d 1020, 1023 n.3 (Fla. 3d DCA 2015); State v. Nicholson, 819 So. 2d 908, 910 (Fla. 4th DCA 2002); see also MacKenzie v. Centex Homes, 208 So. 3d 790, 792-93 (Fla. 5th DCA 2016) ("A cross appeal is the proper method to seek review of an earlier non-final order when the final order is entirely favorable to the appellee." (citing Fla. R. App. P. 9.130(g), (h))); Allen v. TIC Participations Tr., 722 So. 2d 260, 261 (Fla. 4th DCA 1998). As Anderson is arguing for the reversal of the summary denial on Ground Two as an alternative ground to affirm the rest of the order, the tipsy coachman doctrine would not apply. See MacKenzie, 208 So. 3d at 793 n.3.