# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-0521
LT Case No. 2012-CF-004904-A

_____

KISHON LARHAME BIRCH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Duval County.
Jeb T. Branham, Judge.

Ryan E. McFarland, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Amanda A. Uwaibi, Assistant Attorney General, Tallahassee, for Appellee.

May 9, 2025

MACIVER, J.

Appellant, Kishon Larhame Birch, challenges the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Appellant raised three issues of ineffective assistance of trial counsel in his motion, and because we agree that the postconviction court erred by summarily denying the motion, we reverse the summary denial and remand for further proceedings.

## I.

In January 2016, Appellant was acquitted on a charge of second-degree murder but was found guilty of possession of a firearm by a convicted felon and sentenced to 30 years in prison as a habitual violent felony offender. The First District Court of Appeal affirmed with a written opinion. *Birch v. State*, 248 So. 3d 1213 (Fla. 1st DCA 2018).

Appellant moved for postconviction relief on three grounds:

1. That counsel was ineffective for failing to sever the murder charge from the possession charge.

2. That counsel was ineffective for failing to object to jury instructions on constructive possession.

3. That counsel was ineffective for failing to advise Appellant that his testimony was necessary to support a necessity defense and to warrant a necessity jury instruction.

After the State responded and Appellant replied to that response, the postconviction court denied relief without a hearing. This appeal followed.

## II.

Claims of ineffective assistance of counsel are governed by the standard set forth in the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, counsel's performance must be shown to be deficient. *Id.* "[C]ounsel's errors must have been so serious that the constitutional guarantee of counsel was not satisfied." *Harris v. State*, 295 So. 3d 855, 856 (Fla. 1st DCA 2020). When examining counsel's performance, an objective standard of reasonableness applies, and great deference is given to counsel's performance. *Strickland*, 466 U.S. at 688–89. The defendant bears the burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

(quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The Florida Supreme Court has explained that "[s]trategic decisions do not constitute ineffective assistance of counsel." *See Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). There is a strong presumption that trial counsel's performance was not ineffective. *See Strickland*, 466 U.S. at 689.

Second, the deficient performance must have prejudiced the defendant, ultimately depriving the defendant of a fair trial with a reliable result. *Id*. It is not enough to show that the error had some possible effect on the outcome of the case. *Id*. at 693. Prejudice is met only if there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Stated another way:

Defense counsel renders ineffective assistance of counsel "when counsel's performance falls outside the range of reasonable professional assistance and when there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance."

*State v. Anderson*, 215 So. 3d 181, 183 (Fla. 5th DCA 2017) (quoting *Larry v. State*, 61 So. 3d 1205, 1207 (Fla. 5th DCA 2011)). If a postconviction court finds that the motion is facially sufficient, it must either hold an evidentiary hearing or attach portions of the record to its denial conclusively refuting the defendant's allegations. *Nelson v. State*, 73 So. 3d 77, 84 (Fla. 2011).

"Ineffective assistance of counsel claims are mixed questions of law and fact." *Bell v. State*, 965 So. 2d 48, 56 (Fla. 2007). The legal issues are reviewed de novo, while the trial court's factual determinations are given deference if they are supported by competent, substantial evidence. *Id*.

## III.

### A. Severing the Charges

Appellant first argues that counsel was ineffective for failing to sever the murder charge from the possession charge. Appellant claims counsel advised that it would be better to try all charges at once and proceed under a defense of necessity, and further advised Appellant to not testify. Appellant claims that if the charges had been severed, he would have been free to testify in the possession trial.

In summarily denying this claim, the postconviction court noted that bifurcation was discussed at length prior to jury selection. But to conclusively refute this ground to warrant summary denial, the discussion would need to specifically contradict the allegations in the motion. *Harris*, 295 So. 3d at 856 (citing *Alfred v. State*, 998 So. 2d 1197, 1199 (Fla. 4th DCA 2009)). On the record before us, the discussion held before jury selection did not include discussion about counsel's advice to Appellant. Thus, the denial of this ground is reversed and remanded for reconsideration or an evidentiary hearing.

### B. Jury Instruction

Appellant next argues that counsel was ineffective for failing to object to a constructive possession instruction. According to Appellant, the State charged him with actual possession of the firearm, but did not allege that he did so during the commission of the offense. But the jury was instructed that they could find Appellant guilty by either a constructive or actual theory of possession.

The postconviction court observed that this was considered by the First District Court of Appeal in Appellant's direct appeal. Based on that opinion, the postconviction court concluded that any objection by counsel would not have altered the outcome of the trial.

But the First District held that the matter was unpreserved and only reviewed for fundamental error. *Birch*, 248 So. 3d at 1218.

No fundamental error was found nor was an opinion given as to whether relief would have been warranted had the error been preserved. *Id.* at 1218–19. Further, the First District only addressed an alleged charging defect, not the jury instructions. *Id.* Because the postconviction court provided no other record or authority to conclusively refute this ground, the denial of this ground is reversed and remanded for reconsideration or an evidentiary hearing.

### C. Appellant's Waiver of Right to Testify

Appellant's final argument is that counsel was ineffective for improperly advising him not to testify. Appellant claims that the defense had decided before trial that a necessity defense was the only viable defense against the possession charge, but that counsel told him his testimony was not needed to pursue that defense as they would call their own expert witness. Then, the trial court refused to give a necessity defense jury instruction because Appellant did not testify. Appellant claims he was improperly advised to waive the right to testify, because counsel did not understand that Appellant's testimony was required to warrant a jury instruction on the necessity defense.

Like the first ground, the postconviction court relied on the colloquy concerning Appellant's right to testify. Because Appellant answered he would not testify, the court concluded he was bound by those answers and denied relief.

Again, a colloquy can only conclusively refute this type of claim where it specifically contradicts the alleged deficient advice. *Harris*, 295 So. 3d at 856. On the record before us, the transcript only includes the standard colloquy as to whether a defendant will testify. It does not address what counsel advised Appellant about testifying or Appellant's allegation that the necessity defense instruction was rejected because Appellant did not testify. Similarly, it confirms that Appellant made the decision not to testify after discussions with counsel, so it does not establish that he made the decision independent of counsel. Had Appellant argued that he waived his right to testify against his will, the standard colloquy would have refuted this ground. *Id.* Because the postconviction court solely relied on the colloquy, the denial of this

5

ground is also reversed and remanded for reconsideration or an evidentiary hearing.

IV.

Accordingly, the trial court's final order is REVERSED and REMANDED for further proceedings consistent with this opinion.

BOATWRIGHT and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____