# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1269
Lower Tribunal No. F14-2572A
_____


**Jorge F. Espinosa,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Jorge F. Espinosa, in proper person.

James Uthmeier, Attorney General, and Kayla Heather McNab and David Llanes, Assistant Attorneys General, for appellee.


Before FERNANDEZ, GORDO and BOKOR, JJ.

GORDO, J.

Jorge F. Espinosa ("Espinosa") appeals from a final order denying his rule 3.850 motion for post-conviction relief following an evidentiary hearing. We have jurisdiction. Fla. R. App. P. 9.141(b)(3). We affirm.

Espinosa argues that although he entered into a plea and informed the trial court during the plea colloquy that he was doing so voluntarily, he was coerced into taking the plea and his counsel was ineffective. "[T]his Court's standard of review following a denial of a postconviction claim where the trial court has conducted an evidentiary hearing accords deference to the trial court's factual findings." Lowe v. State, 2 So. 3d 21, 29 (Fla. 2008). After hearing several days of testimony at the evidentiary hearing, the trial court denied the postconviction motion, finding the State did not coerce Espinosa into taking the plea and trial counsel rendered effective assistance. Upon review of the record, we find competent substantial evidence for the trial court's findings and therefore affirm the final order under review. See Blanco v. State, 702 So. 2d 1250, 1252 (Fla. 1997) ("As long as the trial court's findings are supported by competent substantial evidence, this Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court." (quoting Demps v. State, 462 So. 2d 1074, 1075 (Fla. 1984))); State v. Anderson, 215 So. 3d 181, 184 (Fla. 5th DCA 2017)

2

("The attorney's performance is analyzed with great deference under an objective standard of reasonableness. An attorney's performance is constitutionally acceptable if the attorney renders reasonably competent and effective assistance."); Stano v. State, 520 So. 2d 278, 279-280 (Fla. 1988) ("These claims regarding ineffectiveness of counsel's assistance and the involuntariness of Stano's plea are an attempt to go behind the plea. . . . Once the Defendant enters a plea of guilty before this Court, and assures the Court under oath that the plea is voluntary, the Court will not go behind the plea. The plea cuts off inquiry into all that precedes it. The Defendant is barred from contesting events happening before the plea. Having previously found that there was a competent basis for the trial court's acceptance of Stano's guilty pleas and because it is clear that Stano's guilty pleas were freely and voluntarily given, without any duress, we agree." (internal quotation marks omitted)); Stinson v. State, 839 So. 2d 906, 909 (Fla. 5th DCA 2003) ("In the instant case, the state made its offers in open court . . . . Stinson accepted the offer in open court. . . . [T]he trial court was aware of the circumstances surrounding Stinson's plea [and] adequately inquired into the voluntariness of Stinson's plea. . . . Further, there is no suggestion that the state was acting in bad faith. Indeed, the factual basis for Stinson's plea indicates that the state had a substantial case against both Stinson and his

3

brother.  Nor is there any suggestion that the brother exerted undue influence on Stinson.  Stinson testified that . . . he felt that he was in a no-win situation at the time of the plea, but concern for one's friends or loved ones does not render a plea involuntary as a matter of law . . . and the fact that a defendant is presented with unpleasant alternatives does not render a guilty plea involuntary[.]  The conviction is affirmed.").

Affirmed.