868 So.2d 684 (2004)
Ronald LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-4179.
District Court of Appeal of Florida, Fifth District.
April 2, 2004.
Ronald Lane, Madison, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant *685 Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
We affirm the trial court's order rejecting claims one, three, four and five of Roger Lane's motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In claim two, Lane complains that his trial counsel should have called a DNA analyst to testify as a defense witness because the analyst's testimony would have "convinced" the jury that someone other than Lane deposited the blood that was left on the victim's shirt. In denying relief on this issue, the trial court made several references to the record in support of its findings and conclusions. However, the court failed to include supporting attachments, as is required under rule 3.850(d).
We recognize that in its order the trial court wrote: "If the defendant appeals from the denial of this order, the clerk of the court shall include volumes I, II and III of the October 30, 2000 and October 31, 2000 trial transcript and the November 14, 2000 motions and sentencing hearing." However, attaching the entire record fails to comply with the rule and the supreme court's pronouncement in Hoffman v. State, 571 So.2d 449 (Fla.1990), which recognized that a construction of rule 3.850 that would allow the attachment of the entire record would render the language of the rule meaningless. Our ability to review the trial court's order is further hampered by the fact that volume III of the record goes through page 537, but, according to the State's response filed with the trial court, relevant discussions between Lane and his counsel regarding the testimony of the DNA analyst appear on page 550 of the record and beyond, which for reasons not clear to us, were not transmitted.
Accordingly, because the trial court relied on specific portions of the record but failed to attach such portions, we remand this matter to the trial court to either attach the pertinent portions of the record relating to claim two or to conduct an evidentiary hearing.
REVERSED AND REMANDED.
PETERSON, ORFINGER and MONACO, JJ., concur.