873 So.2d 608 (2004)
Ramon L. VALENTINE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-191.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
*609 Ramon L. Valentine, Arcadia, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Valentine appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. He asserts twelve claims. Rather than considering each claim on the merits and attaching portions of the record, the court noted that Valentine's motion was tainted by material misrepresentations and inherently incredible allegations, and it attached the entire record. The court ordered Valentine to show cause why sanctions should not be imposed for filing a perjurious motion, as well as his 3.850 motion. After considering Valentine's responses and additional motions, the court denied all pending motions.
In response to this appeal, the state notes that five of Valentine's twelve claims are based on alleged statements he asserts were fraudulently omitted from the record. It is unclear from the denial order which claims were based on an alleged fraudulent record and which claims are facially insufficient.
The court failed to consider and address the claims, even in a cursory manner. This does not permit meaningful appellate review by this court. On remand, the court should make a finding for each claim that it is either facially invalid and state a brief reason therefore, or that it is conclusively refuted by the record, attaching relevant portions of the record, or in this case, making a specific reference to the attached whole. See Foster v. State, 810 So.2d 910 (Fla.), cert. denied, 537 U.S. 990, 123 S.Ct. 470, 154 L.Ed.2d 359 (2002); Hoffman v. State, 571 So.2d 449 (Fla.1990); Lane v. State, 868 So.2d 684 (Fla. 5th DCA 2004). If unable to do either of the above, the trial court should hold an evidentiary hearing to resolve the claim.
REVERSED and REMANDED.
THOMPSON and ORFINGER, JJ., concur.