957 So.2d 40 (2007)
Michael RUFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5261.
District Court of Appeal of Florida, First District.
April 26, 2007.
*41 Michael Ruffin, pro se, Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order denying his Florida Rule of Criminal Procedure 3.850 motion. Following a jury trial, the appellant was convicted of armed robbery with a firearm. He filed the present motion attacking his conviction on grounds of newly discovered evidence. The trial court denied the motion as untimely.
The trial court erred in denying the appellant's motion without conducting an evidentiary hearing to determine whether his newly discovered evidence claim had merit. Although rule 3.850 motions must be filed within two years of the date that the judgment and sentence become final, claims of newly discovered evidence fall within the exceptions to the time limitation. See Fla. R.Crim. P. 3.850(b); Jones v. State, 591 So.2d 911 (Fla.1991). In order for evidence to be considered newly discovered and thus form a basis for postconviction relief, it must have been unknown to the defendant, the trial court or defendant's counsel at the time of trial and must be such that would probably produce an acquittal on retrial. See Jones, 591 So.2d at 915-16. The appellant provided an affidavit of an alleged participant in the crime, stating that he and another man, who was not the appellant, actually committed the robbery. He further alleged that he could not have previously discovered the identity of the affiant because, at the time of trial, only the alias of the affiant was known. Finally, the appellant claimed that in light of the evidence offered at trial, the affidavit would probably produce an acquittal on retrial. Because the appellant made a sufficient claim, an evidentiary hearing is required to determine whether the affidavit constitutes newly discovered evidence. See Jones, 591 So.2d at 915; McLin v. State, 827 So.2d 948, 956 (Fla.2002). Therefore, we reverse and remand this claim for an evidentiary hearing.
REVERSED AND REMANDED.
ALLEN, WEBSTER and BENTON, JJ. concur.