PER CURIAM.
 

 The sole issue in this appeal is whether the trial court erred in granting post-conviction relief to the appellee, Shannon Grayson, in the form of a new trial on the basis that his trial counsel was ineffective. We remand this case to the trial court to
 
 *563
 
 make a determination regarding whether the defense attorney’s purported ineffective assistance actually prejudiced the defense.
 

 In order to demonstrate ineffective assistance of trial counsel under rule 3.850, Florida Rules of Criminal Procedure, a criminal defendant must show specific acts or omissions of counsel that were so serious that the attorney was not functioning as counsel guaranteed to the defendant by the Sixth Amendment of the Constitution of the United States. In order to be entitled to relief, however, the defendant must further establish prejudice by showing that there is a reasonable possibility that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.
 
 See Connor v. State,
 
 979 So.2d 852 (Fla.2007) (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
 

 Here, the trial court clearly made a determination that trial counsel’s efforts were deficient, and that holding is supported by sufficient evidence. More specifically, the court concluded that Mr. Grayson’s defense counsel failed to call alibi witnesses, and that the failure to do so was deficient. What the trial court did not do was to make a determination of prejudice before ordering a new trial. When the trial court examined the prejudice prong of
 
 Strickland,
 
 it stated only that it did not know if in fact the “outcome” would have been different if the alibi witnesses would have been known and could have testified at trial.
 

 Before post-conviction relief can be granted based on inadequacy of trial counsel the trial court must make a ruling on the prejudice prong of
 
 Strickland.
 
 It did not do so. Accordingly, we reverse this case and remand to the trial court to enable it to make the necessary ruling.
 

 REVERSED and REMANDED with instructions.
 

 GRIFFIN, MONACO and COHEN, JJ., concur.