PALMER, J.
 

 David Wayne Bridges, Jr. (defendant) appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. Determining that the trial court erred in denying ground one of the motion, we reverse as to that ground.
 

 In order to demonstrate ineffective assistance of trial counsel under rule 3.850, Florida Rules of Criminal Procedure, a criminal defendant must show specific acts or omissions of counsel that were so serious that the attorney was not functioning as counsel guaranteed to the defendant by the Sixth Amendment of the Constitution of the United States. In order to be entitled to relief, however, the defendant must further establish
 
 *617
 
 prejudice by showing that there is a reasonable possibility that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.
 
 See Connor v. State,
 
 979 So.2d 852 (Fla.2007) (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 State v. Grayson,
 
 74 So.3d 562 (Fla. 5th DCA 2011).
 

 In ground one, the defendant alleged two issues of ineffective assistance of counsel. First, he alleged that when the State filed a notice of Williams
 
 [1]
 
 rule evidence the day before trial, defense counsel unreasonably failed to move to exclude the evidence or for a continuance to investigate it. Second, the defendant alleged that his counsel unreasonably advised him that he could not win at trial because of jury bias, and that the trial judge would harshly sentence him if he went to trial and was convicted. The defendant alleged that absent counsel’s ineffectiveness, he would not have pled nolo contendere to the charges of lewd or lascivious molestation, but would have instead gone to trial.
 

 As to the first issue, the defendant alleged that the State’s
 
 Williams
 
 rule evidence would have been excluded because it was not similar enough to the charged offenses. In support, he alleged the following facts. In the instant case, he was accused of molesting three children while watching a movie with two other adults present. The children were his stepdaughters and were under his custodial authority. He was 29 years old, at least 18 years older than any of the children. In contrast, the
 
 Williams
 
 rule witness was allegedly molested by the defendant multiple times. She was about 6 years younger than him; at the time of the alleged incidents, he was 10 to 19 years old while she was 5 to 14 years old. She was not under his custodial authority at the time. Finally, these alleged incidents were substantially remote in time from the charged offenses.
 

 For purposes of summary denial, the trial court was required to accept these facts as true to the extent they were not refuted by the record.
 
 See Kimbrough v. State,
 
 886 So.2d 965, 981 (Fla.2004).
 

 In denying relief on this issue, the trial court wrote:
 

 Defendant must allege facts sufficient to show that counsel had a valid basis for filing a motion to suppress and there is a reasonable probability the motion would have been granted. In this case, the Defendant merely assumes the state’s evidence of Defendant’s prior history of lewd and lascivious molestation would be suppressed based upon the age difference between the Defendant’s previous victim and the victims of this case. Defendant was charged in both cases with violation of the same statute.... Defendant has failed to show that counsel was ineffective in advising the Defendant to plea in this case or that the outcome would be different had counsel filed a motion to suppress.
 

 This reasoning is faulty. The mere fact that both situations involved charges of violating the same statute is not sufficient to support the conclusion that a motion to exclude the
 
 Williams
 
 rule evidence would have been denied. Accordingly, we reverse on this issue and remand for the trial court to attach record documents conclusively refuting it or to hold an evidentiary hearing.
 
 See
 
 Fla. R.Crim. P. 3.850(d) (2011).
 

 
 *618
 
 As to the second issue, the defendant alleged the following facts. Despite strong evidence of his innocence, after receiving the State’s
 
 Williams
 
 rule notice, defense counsel told him he had no hope of winning at trial. His counsel told him Floridians are so biased against child sexual abuse cases that when the jury heard from a past victim of his, he would be convicted no matter how exculpatory the other evidence. His counsel also said the trial judge was hard on child sexual abuse defendants and would “hang” the defendant if he went to trial.
 

 The trial court failed to address this issue in its summary denial. Florida case law indicates that when a trial court summarily denies one or more grounds of a rule 8.850 motion, the court’s order must state its rationale for summarily denying as to each issue raised.
 
 See Valentine v. State,
 
 873 So.2d 608 (Fla. 5th DCA 2004) (“The [trial] court failed to consider and address the claims.... This does not permit meaningful appellate review by this court. On remand, the court should make a finding for each claim that it is either facially invalid and state a brief reason therefor[ ], or that it is conclusively refuted by the record, attaching relevant portions of the record, or ... making a specific reference to the attached whole.”);
 
 Loomis v. State,
 
 691 So.2d 34, 35 (Fla. 2d DCA 1997) (“[The trial court] must attach to its order those portions of the record which conclusively establish that the appellant is entitled to no relief as to the claims advanced along with its reasons for so concluding. Alternatively, it must explain why those claims are facially insufficient or cannot be appropriately considered under rule 3.850.” (emphasis omitted)). Accordingly, we reverse on this issue and remand for the trial court to attach record documents conclusively refuting it or to hold an evidentiary hearing.
 

 We affirm the trial court’s denial of the other two grounds in the defendant’s motion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 See Williams v. State,
 
 110 So.2d 654 (Fla. 1959) (authorizing admission of similar fact evidence);
 
 see also
 
 § 90.404(2), Fla. Stat. (2009).