PER CURIAM.
Hatcher appeals from the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We affirm the summary denial of Hatcher’s first eleven (11) claims, but reverse as to Claims XII and XIII. Hatch-er’s allegations in Claim XII are sufficient to warrant an evidentiary hearing. See Ruffin v. State, 957 So.2d 40, 41 (Fla. 1st DCA 2007) (evidentiary hearing warranted where defendant submitted affidavit of alleged participant stating that he and another man, who was not defendant, actually committed robbery and where defendant alleged that in light of evidence offered at trial, this newly discovered evidence would probably produce acquittal on retrial). Additionally, as the State properly concedes, the trial court’s order failed to address Claim XIII. See Bridges v. State, 81 So.3d 616 (Fla. 5th DCA 2012) (when trial court summarily denies one or more grounds of motion for postconviction relief, the order must state its rationale for each issue raised).
AFFIRMED, in part; REVERSED, in part; REMANDED.
PALMER, EVANDER and JACOBUS, JJ., concur.