IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARSHALL S. VAUGHAN,

      Appellant,

v.

                                                  Case No. 5D16-2426

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 9, 2016

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Marshall S. Vaughan, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Marshall S. Vaughan challenges the order summarily denying his Florida Rule of

Criminal Procedure 3.850 motion for postconviction relief. He argues that the trial court

erred in failing to address one of his claims. We agree and reverse.

Vaughan pled no contest to the felony battery of Cristina Hicks. In his rule 3.850

motion, Vaughan alleged newly discovered evidence, including, among others, an

affidavit by Cristina Hicks, in which she stated that she fabricated all of the allegations against Vaughan and he "never put his hands on" her. The trial court denied Vaughan's motion without addressing Hicks's affidavit. Instead, the trial court's order only addressed the other alleged newly discovered documents and correctly denied the motion as to those items. However, the trial court's failure to address whether Hicks's affidavit warrants an evidentiary hearing requires reversal. See, e.g., Purse v. State, 185 So. 3d 627, 627 (Fla. 5th DCA 2016); Hatcher v. State, 114 So. 3d 1019, 1019 (Fla. 5th DCA 2012); Bridges v. State, 81 So. 3d 616, 618 (Fla. 5th DCA 2012). Therefore, we reverse and remand for consideration of this claim.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

ORFINGER, EVANDER and BERGER, JJ., concur.