PER CURIAM.
Marshall S. Vaughan challenges the order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. He argues that the trial court erred in failing to address one of his claims. We agree and reverse.
Vaughan pled no contest to the felony battery of Cristina Hicks. In his rule 3.850 *880 motion, Vaughan alleged newly discovered evidence, including, among others, an affidavit by Cristina Hicks, in which she stated that she fabricated all of the allegations against Vaughan and he “never put his hands on” her. The trial court denied Vaughan’s motion without addressing Hicks’s affidavit. Instead, the trial court’s order only addressed the other alleged newly discovered documents and correctly denied the motion as to those items. However, the trial court’s failure to address whether Hicks’s affidavit warrants an evi-dentiary hearing requires reversal. See, e.g., Purse v. State, 185 So.3d 627, 627 (Fla. 5th DCA 2016); Hatcher v. State, 114 So.3d 1019, 1019 (Fla. 5th DCA 2012); Bridges v. State, 81 So.3d 616, 618 (Fla. 5th DCA 2012). Therefore, we reverse and remand for consideration of this claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ORFINGER, EVANDER and BERGER, JJ., concur.