PER CURIAM.
Douglas Lively appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds One, Two, Three, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen. However, because Lively should have been given the opportunity to amend Ground Four[1] to state a facially sufficient claim, we reverse the summary denial of that claim and remand with instructions that he be given the opportunity to do so. See Spera v. State, 971 So.2d 754 (Fla. 2007) ; see also McGill v. State, 157 So.3d 433, 434 (Fla. 4th DCA 2015) (noting earlier motions denied as too long, and interpreting Mancino v. State, 10 So.3d 1203, 1204 (Fla. 4th DCA 2009), as drawing distinction between rejections for form and rejections *368 for insufficiency). Additionally, because the trial court failed to consider Grounds Fourteen and Fifteen, we remand for consideration of those claims as well. See Purse v. State, 185 So.3d 627 (Fla. 5th DCA 2016) (reversing and remanding where trial court failed to address claim raised in rule 3.850 motion); Hatcher v. State, 114 So.3d 1019 (Fla. 5th DCA 2012) ; Bridges v. State, 81 So.3d 616, 618 (Fla. 5th DCA 2012).
AFFIRMED in part, REVERSED in part, and REMANDED.
EVANDER, C.J., BERGER and HARRIS, JJ., concur.

We note that the trial court attached virtually the entire trial transcript to its order denying relief. However, in denying Ground Four, the trial court did not make any reference to any page specifically refuting Lively's allegations. It was the lower court's burden to do so, or to do so in the future after remand. See, e.g., Hoffman v. State, 571 So.2d 449, 450 (Fla. 1990) (reversing denial of postconviction relief because lower court attached entire record without articulating reasons for denial, or specifying parts of record directly refuting raised claims).