# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0947
L.T. Case No. 16-2021-CF-1364-A

_____

REUBEN CALLWOOD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Duval County.
R. Anthony Salem, Judge.

Rick A. Sichta and Susanne K. Sichta, of The Sichta Firm, LLC, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.

February 6, 2026

PER CURIAM.

Reuben Callwood appeals the postconviction court's summary denial of his motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The first motion was filed by Appellant while pro se. Subsequently, postconviction counsel for appellant filed a notice of appearance that specifically adopted the pro se motion and sought leave to amend the motion. A second supplemental motion was then filed adding new claims

for relief. The postconviction court entered its order summarily denying two of the sub-claims raised in the supplemental motion, but did not address the issues raised in the original motion or one of the sub-claims in the supplemental.

We therefore affirm the trial court's order in all respects except for its summary denial of (1) the claims in Appellant's first postconviction motion filed pro se on May 24, 2023, which were adopted by postconviction counsel on October 12, 2023, and (2) claim (1)(C) of the second postconviction motion filed by postconviction counsel. We vacate the trial court's summary denial of those claims and remand for further proceedings. *See Bridges v. State*, 81 So. 3d 616, 618 (Fla. 5th DCA 2012) ("Florida case law indicates that when a trial court summarily denies one or more grounds of a rule 3.850 motion, the court's order must state its rationale for summarily denying as to each issue raised." (citing *Valentine v. State*, 873 So. 2d 608 (Fla. 5th DCA 2004) ("The [trial] court failed to consider and address the claims. . . . This does not permit meaningful appellate review by this court. On remand, the court should make a finding for each claim that it is either facially invalid and state a brief reason therefor[ ], or that it is conclusively refuted by the record, attaching relevant portions of the record, or . . . making a specific reference to the attached whole."); *Loomis v. State*, 691 So. 2d 34, 35 (Fla. 2d DCA 1997) ("[The trial court] must attach to its order those portions of the record which conclusively establish that the appellant is entitled to no relief as to the claims advanced along with its reasons for so concluding. Alternatively, it must explain why those claims are facially insufficient or cannot be appropriately considered under rule 3.850." (emphasis omitted)))).

AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.


WALLIS, HARRIS, and MACIVER, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____